RUSSELL *vs.* NAPIER.

1. Where a purchaser bought a tract of land and also a right of way
   leading therefrom to a public road through other lands of the ven-
   dor, and paid therefor, and went into possession thereof, but when
   a deed was tendered to him by the vendor it described the land
   alone and contained nothing as to the right of way, and he there-
   upon refused to receive it, but the vendor stated that if the pur-
   chaser would accept this deed he would make another to the right
   of way, and it was accordingly accepted, upon his refusal to make
   such other deed, a bill would lie on behalf of the vendee for spe-
   cific performance and to enjoin the vendor, who had obstructed
   the right of way, from interfering with its use. Such a bill was
   not demurrable.
2. Where, at the time of the purchase, the vendee went into posses-
   sion of the land and right of way, and so remained for seven years
   or more, whether or not a bill for specific performance was barred
   by the statute of limitations, a decree could be entered enjoining
   the vendor from interfering with the right of way.
3. Although the closing of the right of way may have been a nuis-
   ance for which an action at law might have been maintained, yet
   it was a continuing nuisance, which would authorize a court of
   equity to interpose by injunction.

   December 14, 1887.

Vendor and purchaser. Equity. Specific performance.
Injunction. Private ways. Nuisance. Before Judge
FAIN. Catoosa superior court. August term, 1887.

Reported in the decision.

W. H. PAYNE, by brief, for plaintiff.

R. J. McCAMY and JAMES HUNT, for defendant.

BLANDFORD, Justice.

Russell exhibited his bill in the superior court against Napier, in which he alleged that he had bought a certain tract of land from the defendant, also a right of way leading from this tract to a public road through other lands of the defendant, and that he paid for it and went into possesion of it; that Napier tendered him a deed after he had made payment for the land, and that he discovered that the deed was as to the land alone, and said nothing as to the right of way, whereupon he refused to accept it; that Napier thereupon stated to him that if he would accept this deed, he would make him another deed to the right of way; that he accepted the deed to the land, but that Napier refused to make him afterwards a deed to the right of way. The bill asks for specific performance, and prays that Napier be required to perform his contract to execute a deed to this right of way. It also prays that Napier be prohibited from interferring with the complainant's use of the right of way, it being alleged that Napier had stopped up the same.

To this bill a demurer was filed for want of equity, and the court below sustained the demurrer; and to that ruling the complainant in the bill excepted, and brings the case here for our consideration.

1. We think that the court erred in dismissing this bill, for several reasons. We think that, the plaintiff having accepted the deed to the land, the deed not containing anything as to the right of way, and having accepted it upon an agreement on the part of the defendant, that the defendant would afterwards make him a deed to the right of way, this agreement was in itself a good contract; one contract is a good consideration for another contract; and on that ground a specific performance might be decreed, under the facts alleged in the bill.

2. But it is insisted by the defendant in error that it was too late to ask for specific performance, more than four years having elapsed since this transaction. The plaintiff in

error, at the time of his purchase, went immediately into possession of the land and the right of way, and has been in possession for the last seven years or more. Whether a bill for specific performance in this case is barred by the statute of limitations or not, we think there is enough in this bill to have authorized the court to have decreed an injunction against the defendant in error, preventing him from interfering with this right of way. The plaintiff in error bought the right of way just as he did the land, paid for it and has been in possession of it ever since; in fact the title was in him both to the land and the right of way; and under the facts alleged in this bill, the court should enjoin any interference with his rights.

3. It is insisted by the defendant in error that an action at law might be maintained against the defendant for closing up this right of way. While this is true, and while the plaintiff in error might sue him for this nuisance, yet it is a continuing nuisance, continuing from day to day; and this court has decided, in several cases, that where that is the case, a court of equity will interpose and stop the same by injunction. A mandatory injunction will make the defendant remove any obstruction, and a final injunction will prevent him from thereafter interfering with the plaintiff's rights in the premises, in one way or another.

We think, therefore, that the court below erred in sustaining the demurrer, and the judgment is reversed.