HARVEY, trustee, *v.* GA. SO. & FLA. RAILROAD CO. *et al.*

1. The owner of a business stand abutting upon a public alley sustains special damage, that is, damage not shared in by the public at large, if by the illegal obstruction of the alley customers are prevented from having and using the same as a means of access to the stand for the purposes of trade as they have been habitually doing for many years previously.

2. It is no answer to this grievance by a railroad company unlawfully obstructing the alley, that new and increased custom will result to the plaintiff's business by reason of the obstruction itself (the same being a depot to be placed across the alley) and other improvements which will be erected by the company at and near the point where the depot is to be located and maintained; nor can any increase in the value of the plaintiff's property, anticipated as a probable effect of the company's new improvements and works, be taken into the account as a set-off against injury to business. Wood on Nuis. §864, p. 894.

3. The court erred in charging the jury in conflict with the principles above announced, the company having admitted at the trial that it claimed no authority of law for closing the alley and that closing the same was a nuisance.

4. No ruling is made as to the act of October 15th, 1891 (pamphlet, page 446), the same not having been referred to in the pleadings, by amendment or otherwise, nor, so far as appears, insisted upon in the court below.     *Judgment reversed.*

August 23, 1892.

Railroads.   Damages.   Nuisance.   Before Judge Miller.   Bibb superior court.   November adjourned term, 1890.

The petition of Harvey *et al.*, owners of a store and dwelling-houses at the corner of Fourth street and a twenty-foot alley, prayed for injunction against the obstruction by the defendant corporations of the alley where it divides two city lots owned by them, these two lots being between Fifth street and the lot in which is situated the property of the plaintiffs.   A temporary injunction was granted, with allowance to the defendants to lay railroad tracks across the alley; and the judgment was affirmed by the Supreme Court.   84 *Ga.* 372.   The petition contained a prayer for money damages for the time the alley had been kept closed by the defendants; and when the case came on for trial before a jury, this prayer was stricken by amendment, leaving only the prayer for permanent injunction.   The defendants' counsel admitted that they had no authority of law for closing the alley, and that closing it was a nuisance; but they claimed that the plaintiffs suffered no such special damage as entitled them to the injunction asked for.   After the introduction of evidence, the court submitted to the jury to find whether the closing of the alley as proposed by the defendants would cause special damage to the business and property, or business or property, of the plaintiffs.   The jury found it would not, and the court entered a decree denying the permanent

injunction. To this decree, and to the overruling of a motion for a new trial, the plaintiffs excepted.

The petition alleges that when the plaintiffs purchased their property they purchased an easement in the alley, and have occupied and used it in conjunction with other citizens for years, paying a good round price for it, for when the property was purchased many hundred dollars more were paid for it than adjoining property of the same size could be bought for, on account of this alley privilege which made their property especially valuable owing to the open thoroughfare which is the direct line of travel for a large number of customers who have been in the habit of trading in the store, etc., and who live on Fifth street and other parts of the city east of their property; that the vast bulk of the trade of the store which goes to the support of the petitioners and renders their property valuable, comes from the vast number of people who have homes east of it on Fifth street and adjoining alleys, who have for years been in the habit of using this alley as a thoroughfare to the store; and that from this source and from this cross-street great volumes of trade have for years come to their property, so that, for a small stand, there is no more valuable business property in the city; but that if this cross-street is permitted to be closed, the vast bulk of trade will be cut off from the storehouse, their natural ingress to and egress from the same being destroyed, and the same will be driven to other stores, and the value of their property thus greatly and permanently injured. The defendants' answer alleges that the plaintiffs' lot has no peculiar value on account of being located on the alley; that every lot as originally laid out in the city, had an alley appurtenant to it; that the plaintiffs have no easement or interest in the alley; that it has been closed for years, on the opposite side of Fifth street from defendants' property, by the Central

railroad, and many similar alleys elsewhere in the city have been allowed to be closed by the abutting property-owners; that defendants' business demands depot buildings of such length as to extend across the alley, and it is impossible to build a depot on either of the two lots alone; and that the proposed occupation of the alley will not in any manner affect the value of plaintiffs' property, but on the contrary all property in that portion of the city has increased in value since it has become generally known that defendant intended to locate its offices and depots there, and plaintiffs' property is to-day worth more by reason of the contemplated location of defendant's depot than it was before said property was purchased by defendant for this reason.

The motion for a new trial contains twenty-seven grounds. The only ones material here are the assignments of error on the following parts of the charge of the court:

" If you find, however, that there is a special damage done to that property or business, then you can inquire, on the other hand, whether the effect of the railroad closing the alley by building a depot there would be to enhance the value of that property and increase it, and increase the value of the business; and if you find from the proof that the enhanced value was equal to or greater than the damage done to the business, then you would still find for the defendant." Error, because the matter complained of was not the building of a depot but the closing of the alley, and if under this charge the jury might set off the enhancement arising from the depot, if the property was damaged by the closing of the alley, it was immaterial whether by a depot or a fence; because the charge allows the enhancement arising from a depot and assumes that one will be built, and the question of damage is to be offset by the enhancement from said depot, when one may not be built; and because the pleadings do not authorize the charge

"If, however, you find there was a damage done to the property, and at the same time an enhanced value created by these railroad improvements there, but that the damage done to this property and business was greater than the improvements, you would find for Mrs. Harvey, or trustee in the case." Error, because misleading in allowing enhanced value to be set off against actual damage.

"If you find there is any special damage to her, you go and inquire as to the effect of these improvements, these depot buildings, and as to the effect that would have on the value of that property and business. If you find—and you ought to look at all that, look into the nature of the proposed improvements that would close up this alley, the probable improvements that would be put there, the number of men that would be employed there, the traffic that it would create,—all those things you ought to consider in deciding whether or not these improvements by the railroad company would enhance the value of this property, and then you look into the question and decide according to the truth of it as you find it from the evidence. If the property will be damaged by the closing of this alley, and at the same time its value will be enhanced by the improvements put there, the value of the property and business will be increased, and the enhancement was greater than the damage, you would of course find there was no special damage done." Error, because the charge assumes that a traffic would be created by improvements, and is expression of opinion on that point; because it allows speculative improvements and speculative enhancement of value to set off and overcome actual damage, and is misleading to the jury in allowing the enhancement arising from any improvement to affect the actual damage; and because it is unauthorized by the pleadings.

" Now if, under the instructions I have given you, you find there would be special damage, your answer to this question, and that would be your verdict, would be simply, ' It would.' If you find the other way, there would be no damage, or the enhanced value was greater or would offset the damage, then your answer to it would be, ' It would not.' " Error, because misleading, it not being the law that actual damages may be diminished by the enhancement of the property; and because the pleadings do not authorize such an instruction.

" They further say as to that, that the object of the railroad is to place across that alley or that end of the alley, that twenty-foot alley, a freight and passenger depot and let the alley terminate there at their depot with an outlet down across ten feet wide running down and parallel with 4th & 5th streets, and that the effect of placing that improvement there will be largely to increase the value of the Harvey property, and that the effect of the business done at their depot will be to add largely to the business done by Harvey at his store, or Mrs. Harvey." Error, because no such charge is justified by the pleadings, nor was any such defence set up in the answer, and the effect of this statement in the charge was to divert the minds of the jury from the true issue upon which they should pass, and was calculated to make them consider and set off speculative advantages which they should not consider in this case as against the actual special damages proved to flow from the nuisance complained of and sought to be enjoined.

HARDEMAN & NOTTINGHAM, for plaintiff.
GUSTIN, GUERRY & HALL, for defendant.