### 1073.  WILLIAMS *v.* ROME RAILWAY & LIGHT COMPANY.

RUSSELL, J. It was error to dismiss the petition on general demurrer. However, the plaintiff, under his allegations, is entitled to nominal damages only. *Glenn* v. *W. U. Tel. Co.,* 1 *Ga. App.* 831 (58 S. E. 83); *Williamson* v. *Central Ry. Co.,* 127 *Ga.* 125 (56 S. E. 119); *Lilly* v. *Boyd,* 72 *Ga.* 83, (1); *Kenny* v. *Collier,* 79 *Ga.* 743 (8 S. E. 58).

*Judgment reversed.*

Action for damages, from city court of Floyd county—Judge Hamilton. February 28, 1908.

Argued May 5,—Decided May 18, 1908.

The petition in substance alleges, that the defendant, a corpora-

-tion engaged in the transportation of passengers, has injured and
damaged the plaintiff in the sum of $1,000, as will appear from
the following allegations.    On October 22, 1907, about 7:15 o'clock
p. m., the plaintiff, accompanied by his wife, boarded the North
Rome car of the defendant at the switch on Broad street in the city
of Rome.   As soon as they got into the car he told the conductor
that he and his wife desired to go to their home in West Rome,
and asked the conductor if he could catch the West Rome car,
which was in front, and let him and his wife transfer to the said
West Rome car; and the conductor told him that he could; where-
upon he paid the fare of his wife and himself, and the conductor
gave him and his wife a transfer to the West Rome car.   By the
time the West Rome car had reached Fifth avenue and was turn-
ing from the main line on Broad street into the line which leads
to West Rome, the North Rome car had caught the West Rome
car.   At that time the motorman had holloaed to the conductor
on the West Rome car and told him to wait and get some passen-
gers; and immediately thereafter the plaintiff jumped off the
North Rome car and ran up to the conductor on the West Rome
car and told him to wait until his wife had gotten off the North
Rome car, so she and he could get on the West Rome car; but,
notwithstanding this, the said conductor only looked at him and
reached up and pulled the bell-cord, and signalled the conductor
(?) to go ahead; and in response to the signal the car rapidly
moved off and left the plaintiff and his wife.   The said transfers
were good for the said West Rome car, and if the plaintiff had
ridden on another car he would have had to pay fares again.   As
a result of the car not waiting for the plaintiff and his wife, they
were compelled to walk to their home, which is more than a mile
from the place where the said car ran off and left them; and if they
had not walked they would have been compelled again to pay their
fares and also to wait twenty minutes on the street corner until
the next car went to West Rome.   The plaintiff was free from
fault and negligence.   "It was negligence in said company in
failing to convey petitioner to West Rome as said conductor on
said North Rome car had promised should be done, on petitioner
paying said fares;   .   .   it was negligence in said conductor of
said West Rome car in not waiting on petitioner;   .   .   it was
negligence in said company in not conveying petitioner to West

Rome as said conductor of said North Rome car had agreed." The defendant demurred on the following grounds: (1) The petition sets forth no cause of action. (2) The petition shows that if any injury has been sustained by the plaintiff's wife, it was due to her voluntary act, and not to any act of negligence of the defendant. (3) The petition shows that by a wait of twenty minutes the plaintiff's wife could have boarded another car, and thus have avoided the walk from which she claims to have been injured. The demurrer was sustained, and the plaintiff excepted. See opinion in next case, infra.

*M. B. Eubanks, W. B. Mebane,* for plaintiff, cited *Williamson* v. *Central Ry. Co.,* 127 *Ga.* 125 (1).

*Dean & Dean,* for defendant, cited Civil Code, §3802, and the *Williamson* case, supra.