RODGERS *v.* STROUD *et al.*

FISH, C. J. 1. In a proceeding before the ordinary to have obstructions removed from an alleged private way, the petition as amended was in substance as follows: The defendant is the owner of certain improved land situated in a named county and in a given district thereof; petitioners have been in uninterrupted use, for more than seven years, of a permanent private road over such land, not exceeding fifteen feet in width, and no legal steps have been taken to abolish the same; "the said private way begins near W. M. Rodgers' [the defendant's] barn and runs in a southerly direction about three hundred yards to near where Mr. Chadwick lives on Mr. Stroud's land;" petitioners have kept such private way in repair for seven years prior to the institution of the proceeding; and the defendant has closed up such private way by building a fence across the same, leaving no road by which petitioners can reach their land. *Held*, that the petition was not subject to de-

murrer on any of the following grounds: (*a*) it set forth no cause of action; (*b*) it failed to state facts sufficient to show any right in applicants to have the obstructions removed; (*c*) it failed to allege that the fifteen feet claimed in the petition was the same fifteen feet originally appropriated; (*d*) it did not describe the alleged private way with sufficient certainty to put the defendant on notice of the way claimed.

2. On the trial in such a proceeding, in order to entitle the applicants to a judgment requiring the removal of the obstructions, it is essential that it be shown by the evidence, not only that there has been uninterrupted use, for more than seven years, of the alleged private way, but that it is not more than fifteen feet in width and is the same as originally appropriated. *Collier* v. *Farr*, 81 *Ga.* 749 (7 S. E. 860); *Johnson* v. *Sams*, 136 *Ga.* 448 (71 S. E. 891), and cases cited.

3. On the trial the evidence showed, without dispute, that the entire length of the way was about 300 yards, and, while the most of it was not over 15 feet wide, for about 40 òr 50 yards from the defendant's barn the way was from 18 to 25 feet wide, there being a ditch or gully running longitudinally near the center of the way at that place for about 40 or 50 yards, and a way on each side of the ditch or gully had been used by the applicants and others continuously for more than seven years. *Held*, that such evidence demanded a finding by the ordinary that the alleged private way was more than 15 feet wide, and that the applicants were therefore not entitled to have the obstructions removed; and this is true although the testimony of one of the applicants was as follows: "Have known the road ever since 1875, and it is just as it was then, only where E. B. Warmack [predecessor in title of the defendant] set fence back about 25 years ago in front of his barn; as he didn't want his cattle hemmed in there, [he] moved the fence back about 25 or 30 feet. He widened the road by moving back his fence for about 40 or 50 yards." The mere fact that the owner of the land moved back his fence near his barn, in order that his cattle might not be hemmed in there, was not such a widening of ·the way by him as to authorize the applicants to acquire, by seven years use of two ways, one on each side of the ditch or gully, a prescriptive right to use both or either of such ways. This case is obviously distinguishable from *Kirkland* v. *Pitman*, 122 *Ga.* 256 (50 S. E. 117), wherein it was held that where a private way of the general width of fifteen feet, but with a few wider places, *is laid out by the owner of the land—such wider places existing when the owner laid out the way,*—and the same is used for the statutory period, the existence of the wider places will not defeat the rights of the users of the way, because such a "case is not within the principle of those decisions, which were intended to prevent encroachment upon the adjoining land."

4. It follows that the judge of the superior court erred in overruling the certiorari sued out by the defendant.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*
APRIL 23, 1914.

Certiorari. Before Judge Fite. Murray superior court. February 13, 1913.

*W. E. Mann,* for plaintiff in error. *C. N. King,* contra.