## DODSON *et al. v.* EVANS.

1. Where a private way has been in continuous and uninterrupted use for seven years or more, it shall not be lawful for any one to interfere with such way; and parties owning property along the way or otherwise interested in having the same kept open for use can maintain a petition in equity for injunction to prevent the obstruction of the way or other interference with its use.
2. The evidence upon a material issue in the case — that is, whether the road alleged to have been a private way and in continuous and uninterrupted use for more than seven years had been kept in repair — was conflicting, and the discretion of the trial judge in disposing of that issue will not be interfered with.

NO. 2186.    APRIL 15, 1921.

Petition for injunction. Before Judge Hutcheson. Clayton superior court. July 7, 1920.

*C. F. Wells* and *R. B. Blackburn,* for plaintiffs.

*W. M. Wright,* for defendant.

BECK, P. J. This was an equitable petition filed by G. C. Dodson and others against Charlie Evans. Petitioners sought relief by injunction, alleging that a certain private way, about 12 feet in width, along which and on which the property of petitioners fronted, had been obstructed by the defendant by plowing across it, and that further obstruction was imminent. Petitioners alleged that the private way referred to had been in continuous use as a means of ingress and egress to and from their property for more than seven years. The defendant filed an answer denying the material allegations of the petition. When the interlocutory hearing was had at chambers both sides submitted evidence by affidavits, and after hearing the evidence the court refused the injunction, and the petitioners excepted.

1. We do not agree with the defendant in his contention that petitioners had such a plain remedy at law, under the statute embodied in section 825 of the Civil Code, that injunction should have been refused upon this ground. The section referred to declares that in the event the owner or owners of land over which such private way may pass, or any other person, shall obstruct or otherwise render the way unfit for use, the party injured by such obstruction may petition the ordinary of the county where the way has been used, to remove the obstruction; and thereupon the ordinary, after notice etc., shall hear evidence, and in case it shall appear that the private way has been in continuous, uninterrupted use for seven

years or more and no steps have been taken to prevent the enjoyment of the same, the ordinary shall grant an order directing the party obstructing the private way to remove the obstructions; and in case the party fails to comply with the order, the ordinary is required to issue a warrant directed to the sheriff, commanding him to remove the obstructions. This section undoubtedly gives a plain legal remedy for removing obstructions from a private way. And section 4797 declares that ordinaries shall have at least concurrent jurisdiction with other tribunals over the question of the removal of obstructions from roads. But the unlawful closing or obstructing of a private way, like that described in the present petition, is a nuisance, injurious to the property owners whose property abuts on the way or who use it as a way of ingress and egress to and from their property; and such an obstruction to a private way being not only a nuisance but a continuing nuisance, a court of equity has jurisdiction to interpose by injunction to prevent a continuance of the nuisance or the placing of further obstructions in the way. *Russell* v. *Napier*, 80 *Ga.* 77 (4 S. E. 857); *Spires* v. *Wright*, 147 *Ga.* 633 (95 S. E. 232). Whether the court would grant an injunction, by its terms requiring the removal of obstructions already placed, need not be decided; but the prayers in this petition were, that the defendant be restrained and enjoined from placing obstructions in the alleged private way, or from attempting to close up the same or from interfering with its free and open use by petitioners and the public. And the granting of an injunction for this purpose was within the jurisdiction of a court of equity.

2. But while we are of the opinion that under the evidence in the case the court had authority to exercise jurisdiction over the subject-matter and to grant equitable relief, we can not agree that the judge was compelled to grant injunction in the instant case under the evidence. The evidence submitted by the petitioners in regard to the use of the road for more than the statutory period was quite strong; numerous witnesses testified that the road had been in use for a period of considerably more than seven years, some testifying that it had been in use for more than twenty years; that it was a road about 12 feet in width. But this was not sufficient to require the exercise of the court's discretion in favor of granting the injunction. The burden rested upon the petitioners to show that the road had been kept in repair; and while a large number of

witnesses deposed that the road had been for the statutory period in continuous and uninterrupted use, they were singularly silent on the subject of keeping the road in repair; and while the evidence for the defendant met the evidence of the plaintiffs upon the subject of the period of time for which the road had been used in a very feeble way, there was evidence submitted by the defendant from which the court could find that the road had not been kept in repair as contemplated by the law. In order to sustain the application for the removal of obstructions from an alleged private way, where the right of the applicant is based upon prescription, the applicant must show not only that he has been in the uninterrupted use thereof for seven years or more, and that it has been kept open, but must also show that such alleged private way has been kept in repair. *Buchanan* v. *Parks,* 111 *Ga.* 873 (36 S. E. 947). And the same burden should be placed upon an applicant for injunction to prevent obstructions from being placed in a private way. See *Collier* v. *Farr,* 81 *Ga.* 749 (7 S. E. 860) ; *Follendore* v. *Thomas,* 93 *Ga.* 300 (20 S. E. 329), where it was ruled that the way must be kept in repair. The court might have deduced the fact that the road in question here had been kept in repair from the fact that it had been in continuous and uninterrupted use for a long period; but even if the witnesses for the plaintiffs had deposed in positive terms that it had been kept in repair, an issue of fact was made upon that question by the affidavits submitted by the defendant. And where a controlling issue of fact is made, the discretion of the trial court in disposing of that issue will not be interfered with here.

*Judgment affirmed. All the Justices concur.*