## SMITH v. PARLIER.

ATKINSON, J. 1. Where a grantor of land enters into a collateral parol agreement with a grantee, to the effect that the latter shall have a private right of way over other lands of the former, the burden of such collateral agreement does not pass to an assignee of such other lands, where such assignee is a purchaser of the land for value and without notice, actual or constructive, of the collateral agreement. *Hancock* v. *Gumm*, 151 *Ga.* 667 (107 S. E. 872).

2. "To acquire a prescriptive right to a private way over land, it is necessary to show the uninterrupted use of a permanent way not over fifteen feet wide, kept open and in repair for seven years. It is not sufficient to show that those claiming the prescription have been accustomed for more than seven years to pass over the land, changing the way as they saw fit, to avoid obstructions or for convenience." *Short* v. *Walton*, 61 *Ga.* 28; *Nashville etc. Ry.* v. *Coats*, 133 *Ga.* 820 (66 S. E. 1085); *Johnson* v. *Sams*, 136 *Ga.* 448 (71 S. E. 891); *Rodgers* v. *Stroud*, 141 *Ga.* 559 (2) (81 S. E. 873).

3. "Where in an equitable petition the sole prayer for injunction was that the defendant should be enjoined from maintaining an obstruction across a private right of way, which obstruction consisted in a fence completed before the filing of the petition, it was erroneous to grant an interlocutory injunction mandatory in its character, and amounting to a direction to the defendant to remove the fence." *Simmons* v. *Lindsay*, 144 *Ga.* 845 (88 S. E. 199).

4. At the hearing of the petition for interlocutory injunction, the sole prayer of which was to enjoin the obstruction of an alleged private way, the judge applying the principles ruled in the first and second notes was authorized, under the pleadings and evidence, to find that the plaintiff did not have any private right of way over the defendant's land. Even if the plaintiff had such a right of way, injunction was not an available remedy after the fence had been constructed.

5. The judge did not err in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 2348. SEPTEMBER 24, 1921.

Petition for injunction. Before Judge Wright. Floyd superior court. November 13, 1920.

*M. B. Eubanks,* for plaintiff. *Denny & Wright,* for defendant.