24628. CLARK *v.* ANDERSON.

DECIDED JANUARY 31, 1936.

*Mozley & Latimer,* for plaintiff. *J. G. Roberts,* for defendant.

MACINTYRE, J. As we construe the petition to the ordinary in this case brought under the Code of 1933, §§ 83-112, 83-119, it

was sought to have removed obstructions from an alleged private way. The ordinary denied the prayers of the petition. The superior court overruled a certiorari, and the plaintiff excepted.

The act of 1872 (Code of 1933, §§ 83-112, 83-119), giving the ordinary jurisdiction summarily to try obstructions to private ways, is confined to cases of private ways which arise by prescriptive right acquired by seven years possession or user. Therefore the question here is: Did the petitioner have such right by prescription? *Brown* v. *Marshall*, 63 *Ga.* 658; *Holloway* v. *Birdsong*, 139 *Ga.* 316 (77 S. E. 146); *Belcher* v. *Kelly*, 143 *Ga.* 525 (4) (85 S. E. 696); *Porter* v. *Foster*, 146 *Ga.* 154 (4) (90 S. E. 967); *Thompson* v. *Easley*, 87 *Ga.* 320 (13 S. E. 511); *Johnson* v. *Williams*, 138 *Ga.* 853 (76 S. E. 380). "To sustain an application for removal of obstructions from an alleged private way, the right to which is based upon prescription by seven years user, it is essential that the applicant show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed fifteen feet in width, and that it is the same fifteen feet originally appropriated, but that he has kept it open and in repair during such period." *Johnson* v. *Sams*, 136 *Ga.* 448 (71 S. E. 891). The evidence was conflicting, but it was sufficient to authorize the finding by the ordinary that the plaintiff was not entitled to a private way by prescription, because the alleged right of way exceeded fifteen feet in width. The court did not err in overruling the certiorari and sustaining the judgment of the ordinary. We decide nothing in regard to what right for removal of the obstructions the petitioner might have before a court of law or equity. See *Salter* v. *Taylor*, 55 *Ga.* 310; *Simmons* v. *Lindsay*, 144 *Ga.* 845, 849 (88 S. E. 199); *Dodson* v. *Evans*, 151 *Ga.* 435 (107 S. E. 59); *Phinizy* v. *Gardner*, 159 *Ga.* 136, 142 (125 S. E. 195). This decision does not conflict with *Franklin* v. *Wesley*, 73 *Ga.* 145, or *Desvergers* v. *Kruger*, 60 *Ga.* 100, or *Kirkland* v. *Pittman*, 122 *Ga.* 256 (50 S. E. 117). See *Rodgers* v. *Stroud*, 141 *Ga.* 559 (81 S. E. 873).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*