### CAMPBELL *v.* DEAL.

No. 12144. JANUARY 13, 1938. REHEARING DENIED FEBRUARY 18, 1938.

478

*William Butt,* for plaintiff in error.

*T. H. Crawford* and *John S. Wood,* contra.

GRICE, Justice. There is no prayer for damages, or for a money judgment of any kind. The petition contains no allegation that other obstructions are contemplated, and no prayer that such other obstructions be enjoined. All the overt acts of the defendant have been completed. The petition contains three prayers. Besides the one for process and one for general relief, the only prayer was that an injunction issue, commanding the defendant "to desist from the action complained of in said petition, and restraining and enjoining him, both temporarily and permanently, from in any manner interfering with the free and uninterrupted use of the private

way hereinbefore described by the plaintiff, her agents or assigns." In the light of its context, this prayer is for nothing more or less than for the court to order the defendant to remove the obstructions from the private way. Counsel for defendant in error contend that the obstruction is not only a nuisance, but a continuing nuisance; and that in such case it has several times been held by this court that a court of equity has jurisdiction to interpose by injunction to prevent a continuance of the nuisance. In support of that contention, counsel rely on *Russell* v. *Napier*, 80 *Ga.* 77 (4 S. E. 857); *Harvey* v. *Georgia Southern & Florida Railway Co.*, 90 *Ga.* 66 (15 S. E. 783); *Brunswick & Western Ry. Co.* v. *Hardey*, 112 *Ga.* 604 (37 S. E. 888, 52 L. R. A. 396); *Spires* v. *Wright*, 147 *Ga.* 633 (95 S. E. 232); *Dodson* v. *Evans*, 151 *Ga.* 435 (107 S. E. 59). The first of these cases was dealt with in *Simmons* v. *Lindsay*, 144 *Ga.* 845 (88 S. E. 199), where it was distinguished and where certain language used by Blandford, Justice, was explained, and it was said that if there was essential conflict between that decision and an earlier one to the contrary (*Georgia Pacific Ry.* v. *Douglasville*, 75 *Ga.* 828), *Russell* v. *Napier*, would not be followed.

In *Harvey* v. *Ga. So. & Fla. Ry. Co.*, supra, there was no demurrer, and the only questions dealt with were as to certain complaints as to the charge of the trial court to the jury. The court in that case ruled nothing helpful to defendant in error here.

The case of *Brunswick & Western Ry. Co.* v. *Hardey*, supra, was a suit for damages for having obstructed a public-road crossing. The question presented in the instant case was not there involved. It was merely ruled that "Illegally obstructing a public street so as to prevent the customers of a merchant from using the same as a means of access to his store, and continuing the obstruction a sufficient length of time to work injury or damage to the merchant's business, is inflicting upon him a special wrong not shared in by the public at large, for which he is entitled to maintain an action."

It plainly appeared in *Spires* v. *Wright*, supra, that the obstruction had not been placed across the private way, but the defendant was threatening so to do. In that situation this court held: "Where one gives notice of his intention to close a private way, but has not actually obstructed the same, the statutory remedies

for removing obstructions do not apply. In a proper case injunction may issue to prevent the threatened injury."

In *Dodson* v. *Evans,* supra, the petition alleged that a certain private way "had been obstructed by the defendant by plowing across it, and that further obstruction was imminent." *Phinizy* v. *Gardner,* 159 *Ga.* 136 (125 S. E. 195), and *Nevels* v. *Golden,* 147 *Ga.* 34 (92 S. E. 521), may be disposed of on the same ground.

The case at bar is controlled, we think, by *Simmons* v. *Lindsay,* supra, where it was ruled: "Where in an equitable petition the sole prayer for injunction was that the defendant should be enjoined from maintaining an obstruction across a private right of way, which obstruction consists in a fence completed before the filing of the petition, it was erroneous to grant an interlocutory injunction mandatory in its character, and amounting to a direction to the defendant to remove the fence." To the same effect, see *Smith* v. *Parlier,* 152 *Ga.* 100 (3) (108 S. E. 515). The result is that the petition should have been dismissed on demurrer. In addition to seeking what was in effect a mandatory injunction, no facts were set forth showing that it was necessary to invoke the equitable powers of the court. Notwithstanding the provision of our uniform procedure act of 1887 (Ga. L. 1886-7, p. 64), the heart of which is set forth in the Code of 1933, § 37-901, by which the distinction in our procedure between common law and equity is abolished, and under which it is not a good ground to dismiss a petition seeking equitable relief that it has no equity in it, provided it states a cause of action at law, it remains as a sound principle that the extraordinary powers of a court of equity can never be invoked where the facts and circumstances are such that adequate relief can be had otherwise. Our Code, § 83-119, gives a summary remedy for the removal of obstructions across a private way. It may be that the trial judge concluded that substantial justice had been done by retaining the petition in court and letting a jury pass on the facts; but as we see it, it was contrary to law, and courts are established to administer justice according to law.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

Counsel for the defendant in error call attention to the fact that the decisions cited by us in support of our ruling were those dealing with the refusal or granting of interlocutory injunction,

whereas the instant case was a judgment on demurrer. The cases referred to by us were of the character as stated by counsel. They were selected because they seemed to us more nearly on their facts like the one at bar. The distinction sought to be drawn by counsel, however, is not sound. Our Code, § 55-110, in declaring that "An injunction may only restrain; it may not compel a party to perform an act," does not limit the inhibition to the grant of interlocutory injunction. The controlling principle is applicable to final decrees (*Beacham* v. *Wrightsville & Tennille R. Co.*, 125 *Ga.* 362, 54 S. E. 157; *Atlantic & Birmingham Ry. Co.* v. *Brown*, 129 *Ga.* 622, 59 S. E. 278), and to rulings on demurrer. *Paschal* v. *Tillman*, 105 *Ga.* 494 (30 S. E. 870); *Collins Brothers Co.* v. *Georgia Hotel Co.*, 142 *Ga.* 703 (3) (83 S. E. 660).

*Rehearing denied.*