## LOCKWOOD *v.* DANIEL.

ATKINSON, Presiding Justice. 1. "An unascertained or disputed boundary line between coterminous proprietors may be established, (1) by oral agreement, if the agreement be accompanied by actual possession to the agreed line, or is otherwise duly executed; or (2) by acquiescence for seven years by the acts or declarations of the owners of adjoining land, as provided in the Civil Code, § 3247" (1933, § 85-1602). "If the line be established by oral agreement and possession be held to it, it is not necessary to the validity of such agreement that the possession continue for twenty years. . . In order that a line may be established by acquiescence for seven years by the acts or declarations of the owners of adjoining land, it is not essential that the acquiescence be manifested by a conventional agreement. . . When a line has been located by an executed parol agreement between the coterminous proprietors, or established by seven years acquiescence as provided by the Civil Code, § 3247 [1933, § 85-1602], the line thus located and established is binding on the grantees of the coterminous proprietors." *Osteen* v. *Wynn*, 131 *Ga.* 209 (3, 4) (62 S. E. 37, 127 Am. St. R. 212); *Tyson* v. *Anderson*, 164 *Ga.* 673 (3), 676 (139 S. E. 410); *Brown* v. *Hester*, 169 *Ga.* 410 (150 S. E. 556).

2. "Actual adverse possession of land under a claim of right for twenty years, though originating in mistake, will ripen into good prescriptive title against all the world except the State and persons not sui juris. Such possession must be public, continuous, exclusive, uninterrupted, and peaceable, be accompanied by a claim of right, and must not have originated in fraud. *Shiels* v. *Roberts*, 64 *Ga.* 370 (3)." *Waxelbaum* v. *Gunn*, 150 *Ga.* 408 (104 S. E. 216); *Walton* v. *Sikes*, 165 *Ga.* 422, 425 (141 S. E. 188); Code, §§ 85-402, 85-406; *Riley* v. *Griffin*, 16 *Ga.* 141 (19) (60 Am. D. 726).

3. Where location of the line between two coterminous proprietors is uncertain, and the proprietors, conceding the title of each to his separate lot, erect at joint expense a fence intended as marking the line of division, and both acquiesce therein by exercise of actual possession up to the fence, such possession of each is in right of the possessor, and, being so, is not mere permissive possession within the meaning of the Code, § 85-402, which declares that permissive possession can not be the foundation of a prescription until an adverse claim and actual notice to the other party. See Powell on Actions for Land, 432, § 326; *Ford* v. *Holmes*, 61 *Ga.* 419 (3); 32 Words & Phrases, 161.

4. If separate proprietors of adjoining city lots 84 and 86 erect a fence, and they or their successors acquiesce in the fence as the dividing line for more than seven years as indicated in the preceding division, the fence will become the established dividing line, although it may result in an encroachment of two or three feet by lot 84 on lot 86, according to the original plat of the lots. So also if the proprietors of lot 84 in good faith maintain actual adverse possession of that lot up to the fence for more than twenty years, they will thereby acquire title by prescription to such strip of land as may extend between the fence and the original platted line of the lots.

5. If the improvements on lot 84 consist in part of a dwelling-house and a driveway between the house and the fence as a means of ingress and egress to the public street, and if after establishment of the fence as the dividing line and the running of the prescriptive period as indicated above, the proprietor of lot 86 asserts title beyond the fence line so as to encroach upon what had theretofore been treated as part of lot 84, and in virtue of such claim of title removes the fence and constructs a new fence on what he claims to be the original platted line, extending into and obstructing the driveway, the construction of the new fence would amount to an ouster of the strip of land as cut off by the new fence and a continuing trespass and nuisance flowing from continued obstruction of the driveway, which could be enjoined. *Town of Rentz* v. *Roach*, 154 *Ga.* 491 (5) (115 S. E. 94).

6. In the circumstances stated above, the proprietor of lot 84 might have a remedy by ejectment to recover the strip of land, and by summary proceeding under the Code, §§ 72-203, 72-401, to abate the nuisance; but the superior court, having power in one action to grant both legal and equitable relief (Code, § 37-901), and to that end settle the whole controversy between the parties, will not leave the parties to separate actions at law; but on the principle of avoidance of multiplicity of actions equity may intervene to adjust all the rights involved. In the circumstances, although the new fence may have been completed, and ordinarily the court may not by injunction compel a party to perform an act (Code, § 55-110), the court at the suit of the owner of lot 84 may decree title of the strip of land to be in the plaintiff, and require the fence to be removed, and enjoin replacement of the fence or other obstruction of the driveway. *Russell* v. *Napier*, 80 *Ga.* 77 (4 S. E. 857); *Hendricks* v. *Jackson*, 143 *Ga.* 106 (84 S. E. 440); *Rosser* v. *Styron*, 171 *Ga.* 238 (3) (155 S. E. 23); *Hornsby* v. *Smith*, 191 *Ga.* 491 (13 S. E. 2d, 20, 133 A. L. R. 684), and cit. This case differs from *Campbell* v. *Deal*, 185 *Ga.* 474 (195 S. E. 432), and similar cases, which did not involve appropriation of the land of the plaintiff and the construction thereon of a continuing nuisance, and no question of multiplicity of actions was involved.

7. The court erred, on motion of the defendant in the nature of a general demurrer, in striking the allegations of the petition and the prayer relating to injunction, and in granting a nonsuit at the conclusion of the plaintiff's evidence on the other issues in the case.

*Judgment reversed. All the Justices concur.*

No. 13895. NOVEMBER 11, 1941.

125

*George S. Cargill,* for plaintiff.   *Ernest J. Haar,* for defendant.