HALL *et al.* v. BROWNING.

No. 14407.  FEBRUARY 11, 1943.

*William B. Kent,* for plaintiffs in error.  *R. I. Stephens,* contra.

JENKINS, Justice.  ■  "The right of private way over another's land may arise by prescription from seven years' uninterrupted use through improved lands . . ; but in order to set up such prescriptive right of way, it is essential that the prescriber show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed fifteen feet in width, and that it is the same number of feet originally appropriated, but that he has kept it open and in repair during such period." *Rogers* v. *Wilson,* 171 *Ga.* 802 (4) (156 S. E. 817), and cit.; *Elliott* v. *Adams,* 173 *Ga.* 312 (4), 322 (160 S. E. 336); *Nashville &c. Ry. Co.* v. *Coats,* 133 *Ga.* 820, 822 (66 S. E. 1085); *Collier* v. *Farr,* 81 *Ga.* 749, 751 (7 S. E. 860), and cit.; *Johnson* v. *Sams,* 136 *Ga.* 448 (2) (71 S. E. 891); *Scarboro* v. *Edenfield,* 58 *Ga. App.* 619 (199 S. E. 325); *Clark* v. *Anderson,* 52 *Ga. App.* 500, 501 (183 S. E. 852); Code, §§ 83-102, 83-112.

(*a*) When a road has been used as a private way for as much as one year, an owner of land over which it passes may not close it up without first giving the common users of the way thirty-days notice in writing, that they may take steps to have it made permanent by proceeding before the ordinary (Code, § 83-114) in the manner provided by §§ 83-101 et seq.  The Code thus "recognizes that those who travel over the route may acquire an inchoate right before they secure a perfect title.  So that even incomplete and partial prescription will prevent the owner from obstructing a private way which has been used for twelve months, unless he first gives thirty days notice of his intention in writing to the users." *Kirkland* v. *Pitman,* 122 *Ga.* 256, 259 (50 S. E. 117).

■  "In the event the owner or owners of land over which a private way may pass, or any other person, shall obstruct, close up, or otherwise render the private way unfit for use, the party or parties injured by such obstructions or other interference may petition the ordinary . . to remove such obstructions;" and the ordi-

nary, under the statutory procedure and after hearing evidence, may grant an order directing the offending parties "to remove said obstructions or other interference within 48 hours, and in the event of failure so to remove said obstructions, the ordinary shall issue a warrant directed to the sheriff, commanding him forthwith to remove said obstructions." Code, § 83-119. This "summary remedy . . is applicable alike to prescriptive ways as described in the . . Code [§ 83-112], and to private ways used for as much as one year where the landowner fails to give thirty-days notice," as provided by § 83-114. But while an applicant for such an order of removal "may base his right to relief upon both Code sections," yet "in the event [he] prevails and the obstruction is ordered to be removed, the judgment of the ordinary should show upon which claim of the applicant it rests." *Johnson* v. *Williams,* 138 *Ga.* 853 (2, *a*), 854 (76 S. E. 380), and cit.; *Ford* v. *Waters,* 27 *Ga. App.* 83 (107 S. E. 351); *Barnes* v. *Holcomb,* 35 *Ga. App.* 713, 716 (134 S. E. 628), and cit. Thus, the applicant's pleadings should not confuse the two claims; and if there is a proper demurrer raising the question, he may be required to indicate on which claim he relies.

█ If an obstruction of a private way has been completed, the statutory remedy by petition to the ordinary for a removal of the obstruction would afford a full, adequate, and complete remedy at law—whether those deprived of the use rely on a full prescriptive right, or rely only on an inchoate one-year right without the thirty-days written notice. It is also true that an injunction merely against the maintenance of such a *completed* obstruction, being mandatory in character, would not be permissible. Code, § 55-110. Accordingly, in that character of case, where the averments and prayers relate solely to an injunction against a finished existing obstruction, an equitable petition will not lie. *Campbell* v. *Deal,* 185 *Ga.* 474, 478 (195 S. E. 432), and cit.; *Simmons* v. *Lindsay,* 144 *Ga.* 845 (2), 848 (88 S. E. 199); *Smith* v. *Parlier,* 152 *Ga.* 100 (3) (108 S. E. 515); *Sims* v. *Boyd,* 177 *Ga.* 465 (2) (170 S. E. 375). But, as was recognized in the *Campbell* case, if the equitable petition alleges a threatened additional obstruction as an imminent situation, which it seeks to enjoin, the petition would lie, since the statutory remedy, available only for removing existing obstructions, would not cover the situation; and since the injunc-

tion would not be mandatory in character. *Spires* v. *Wright,* 147 *Ga.* 633 (95 S. E. 232); *Nevels* v. *Golden,* 147 *Ga.* 34 (92 S. E. 521); *Dodson* v. *Evans,* 151 *Ga.* 435, 436 (107 S. E. 59); *Sullivan* v. *Farlow,* 189 *Ga.* 186 (2), 188 (5 S. E. 2d, 641); *Hogan* v. *Cowart,* 182 *Ga.* 145 (4) (184 S. E. 884). Thus, where an injunction was granted, not only against a fence already completed across a private way, but also against the ploughing up of the way and its obstruction otherwise, as the owners were alleged to be "preparing to" do, the injunction as to the completed fence, being mandatory in character, was reversed in part, but as to "all such matters not shown to have been accomplished" it was affirmed. *Sims* v. *Boyd,* 177 *Ga.* 466 (2, 3), supra. See also *Martin* v. *Pattillo,* 126 *Ga.* 436 (3) (55 S. E. 240); *Loudermilk* v. *Martin,* 130 *Ga.* 525 (1, *c*) (61 S. E. 122); *Wall* v. *Mercer,* 119 *Ga.* 346 (2, 3), 349 (46 S. E. 420); *Slaughter* v. *Land,* 190 *Ga.* 491 (9 S. E. 2d, 754), and cit.

■ The petitioners here alleged, that they were users of a described private road through land of the defendant; that this road was not over fifteen feet wide, and had been in continuous use by them and their associates in going to land of the petitioners where they had crops and live-stock; that this road with the same road-bed had been in such uninterrupted use for the last forty years; that they had kept the road in a good state of repair; that the defendant owner had not given to them thirty-days written notice of his intention to close the road; and that he recently "plowed up the said road and obstructed the same by cutting down trees across the same." They further alleged that they thereafter "moved" this obstruction, but "now the defendant is preparing to refill and reobstruct the said road, and declares that he will close the said road;" that the closing of the road would prevent them from taking care of their hogs and cows, and they have no other way to reach their own land; that their winter's wood and turpentine will be a complete loss; that the defendant is insolvent, their damage irreparable, and they have no remedy at law. The petition does not pray for removal of a past or existing complete obstruction, but prays that the defendant be enjoined from "further molesting the said private way in any manner, shape, or form," and that the road be decreed "as a private way and free from any future molestation by the said defendant." Under the preceding rulings, the

amended petition was not subject to general demurrer on the grounds that it showed an adequate remedy at law, or sought relief by a mandatory injunction.

■ The obstruction of a prescriptive private way, such as, under the preceding rules and the averments of the petition, existed in favor of the petitioning users, would constitute an interference with a private right, and give to them a right of action in tort for damages from the alleged violation of such right. The petition prayed generally for recovery of $1000 as damages, "and such other and further sums as may appear to the court and jury trying the said case," without limiting the claim to any species of damage. Accordingly, in so far as the petition sought a money judgment for damages from the alleged tortious past obstruction of the road, it was not subject to general demurrer with respect to such a claim. See, in this connection, *Phinizy* v. *Gardner,* 159 *Ga.* 136 (125 S. E. 195); *Johnson* v. *Arnold,* 91 *Ga.* 659 (2) (18 S. E. 370); *Brunswick &c. R. Co.* v. *Hardey,* 112 *Ga.* 604 (2, 3), 607 (37 S. E. 888, 52 L. R. A. 396); *Harvey* v. *Ga. So. & Fla. R. Co.,* 90 *Ga.* 66 (15 S. E. 783).

(*a*) The shooting of a pistol into the land of another is a trespass to the realty, and constitutes an actionable tort. 63 C. J. 898, § 14, and many cases there cited. The petition alleged that the defendant, "in an apparent attempt to scare" one of the plaintiffs, fired a pistol at night into their garden, and threatened to kill and murder such plaintiff. These averments preceded the general prayer for the stated amount of damages and "other and further sums." Accordingly, as against general demurrer, the petition stated a cause of action for this alleged tortious shooting into plaintiffs' property, especially at night and to intimidate them. This is true whether or not a shooting under the circumstances alleged would also constitute an assault or other tort against the persons of the plaintiffs, as to which it is unnecessary to decide. See, in that connection, *Thomas* v. *State,* 99 *Ga.* 38 (2), 42 (26 S. E. 748), and cit.; *Collier* v. *State,* 39 *Ga.* 31, 34 (99 Am. D. 449); *Hart* v. *State,* 55 *Ga. App.* 85 (2) (189 S. E. 547), and cit.; *Rutherford* v. *State,* 5 *Ga. App.* 482 (63 S. E. 570); Code, §§ 26-7301, 26-1702, 26-1703, 26-5107, 26-1401; 4 Am. Jur. 143-146, §§ 28-35; 6 C. J. S. 799-801, §§ 5 (a-d). As to other torts from the unnecessary discharge of firearms, see *Hornsby* v. *Smith,* 191 *Ga.* 491, 497 (13 S. E. 2d, 20, 133 A. L. R. 684).

(*b*) "General damages are such as the law presumes to flow from any tortious act, and may be recovered without proof of any amount;" but there must be proof as to any special damages actually flowing from the act. Code, § 105-2006. The fact that an injury is small, or the mitigating circumstances are strong, would not prevent recovery of nominal damages. § 105-2001. "To authorize the imposition of punitive or exemplary damages, there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern Ry. Co.* v. *O'Bryan,* 119 *Ga.* 147, 148 (45 S. E. 1000) ; *Investment Securities Corporation* v. *Cole,* 186 *Ga.* 809, 810 (199 S. E. 126), and cit.; Code, § 105-2002.

(*c*) As to the pleading necessary to authorize a recovery of these different species of damages in torts, the following rules control: (1) If only special or punitive damages are expressly pleaded and prayed, the recovery is limited to the damages thus sought. *Hadden* v. *Southern Messenger Service,* 135 *Ga.* 372 (3) (69 S. E. 480) ; *Wright* v. *Smith,* 128 *Ga.* 432 (2, 3), 433 (57 S. E. 684) ; *Bush* v. *Addison,* 40 *Ga. App.* 799 (3) (151 S. E. 526) ; *Sparks Milling Co.* v. *Western Union Telegraph Co.,* 9 *Ga. App.* 728 (2), 733 (72 S. E. 179). (2) If the pleadings are not thus expressly limited, a petition setting forth a tort, and claiming unspecified damages in a stated amount, will be construed as seeking general damages, so as to authorize their recovery; and even though the injury be slight and no actual damage be shown, at least nominal damages would be recoverable. *Atlanta Glass Co.* v. *Noizet,* 88 *Ga.* 43 (13 S. E. 833) ; *Lilly* v. *Boyd,* 72 *Ga.* 83 ; *Williamson* v. *Central of Ga. Ry. Co.,* 127 *Ga.* 125 (4, *a, b*), 131 (56 S. E. 119) ; *Eiswald* v. *Southern Express Co.,* 60 *Ga.* 496 ; *Jones* v. *Water Lot Co.,* 18 *Ga.* 539 (2), 540 ; *Glenn* v. *Western Union Telegraph Co.,* 1 *Ga. App.* 821 (3), 831 (58 S. E. 83) ; *Hames* v. *Old South Lines Inc.,* 52 *Ga. App.* 420 (183 S. E. 503). (3) "In order for the jury to assess punitive damages . . it is not necessary that they shall be claimed, *eo nomine,*" and all that need be pleaded is to set forth a stated amount besides "circumstances that may well be considered as an aggravation," and constitute punitive damages under the definition in the preceding paragraph. *Savannah, Florida & Western Ry. Co.* v. *Holland,* 82 *Ga.* 257 (4), 271 (10 S. E.

200, 14 Am. St. R. 158); *Macon Ry. & Light Co.* v. *Mason,* 123 *Ga.* 773 (2), 777 (51 S. E. 569).

Under the preceding rules, and against general demurrer, the petition setting forth the alleged torts, and claiming damages generally in a named amount, stated a cause of action for recovery of general damages, nominal damages, and punitive damages, as the evidence might show; and was not subject to dismissal as claiming no recoverable damages. See *Sappington* v. *Atlanta & West Point R. Co.,* 127 *Ga.* 178, 182 (56 S. E. 311); *Elwell* v. *Atlanta Gas-Light Co.,* 51 *Ga. App.* 919 (6) (181 S. E. 599); *Young* v. *Western & Atlantic Railroad,* 39 *Ga. App.* 761 (2-4), 767 (148 S. E. 414); *Williams* v. *Rome Railway & Light Co.,* 4 *Ga. App.* 370 (61 S. E. 495).

(*d*) "A general demurrer does not raise questions as to multifariousness, duplicity, or misjoinder of causes of action. . . As to such matters, a special demurrer is necessary." *Grant* v. *Hart,* 192 *Ga.* 153, 155 (4) (14 S. E. 2d, 860), and cit. A special demurrer, being a critic, must itself be free from imperfection, and "put its finger upon the exact point of weakness." *National Bondholders Cor.* v. *Cheeseman,* 190 *Ga.* 166, 168 (8 S. E. 2d, 391), and cit.

Accordingly, the instant petition was not subject to dismissal on general demurrer; and in the absence of any such special ground of attack, it need not be determined whether it would have been subject to special demurrer for any reason because it joined in one count, with separate paragraphs, a cause of action for a restraining order and injunction against a threatened future obstruction of the alleged private way, and based such claim both on an alleged complete prescriptive way and on an inchoate way by one year's use without thirty-days written notice of intention to close the way; and also set forth claims for damages both for the alleged past obstruction of the road, and for the firing of a pistol into the plaintiffs' garden.

■ Where a petition is dismissed on all grounds of a general demurrer and a special demurrer, and is not subject to the general demurrer, the fact that one or more of the special grounds may be good will not preclude a reversal of the judgment, where no opportunity was given to amend the petition to meet the particular defect. On the return of the case the trial court should give that

430

opportunity. *Avery* v. *Bower,* 170 *Ga.* 202 (3) (152 S. E. 239); *Sutton* v. *Adams,* 180 *Ga.* 48 (4), 71, 72 (178 S. E. 365), and cit.; *Ferrell* v. *Greenway,* 157 *Ga.* 535 (3) (122 S. E. 198), and cit. In paragraph 10 of the petition appear certain averments which should be stricken on special demurrer as "not relevant or germane to any right of recovery," and as "insufficient in law or equity as the basis for any right or claim against said defendants." These allegations are that the defendant "is a bad drunkard, rides up and down the road," and "otherwise does wicked and reckless things, and is such a man as needs to be under the ban of the court." As to this ground of special demurrer, an opportunity should be allowed to eliminate by amendment these objectionable averments.

*Judgment reversed. All the Justices concur, except Reid, C. J., absent because of illness.*