HANEY *v.* SHEPPARD.

No. 17179. JULY 11, 1950.

*W. E. Zachary*, for plaintiff.

*Gray Skelton* and *Thomas O. Davis*, for defendant.

DUCKWORTH, Chief Justice. That equity will not take cognizance of plain legal rights where an adequate and complete remedy is provided by law (Code, § 37-120) is the universal rule and is not here questioned, but there are certain decisions of this court which, on casual reading, tend to indicate that equity will entertain jurisdiction to enjoin the maintenance of

an obstruction of a highway as a nuisance, notwithstanding the legal remedy provided under Chapter 72-2 of the Code. The first of such decisions was *Russell* v. *Napier,* 80 *Ga.* 77 (4 S. E. 857). But as pointed out in *Campbell* v. *Deal,* 185 *Ga.* 474 (195 S. E. 432), that decision was reviewed in *Simmons* v. *Lindsay,* 144 *Ga.* 845 (88 S. E. 199), and certain language therein explained and attention called to the decision in *Georgia Pacific Ry.* v. *Douglasville,* 75 *Ga.* 828, which apparently is in conflict with *Russell* v. *Napier,* supra, and to the extent that there exists a conflict the older decision would control. While the opinion in *Simmons* v. *Lindsay,* supra, did not have the concurrence of all the Justices, it was later approved in *Smith* v. *Parlier,* 152 *Ga.* 100 (3) (108 S. E. 515), all the Justices concurring, and again in *Campbell* v. *Deal,* supra. Injunctive relief for the removal of obstructions was upheld in *Lockwood* v. *Daniel,* 193 *Ga.* 122 (17 S. E. 2d, 542), but the ground upon which that ruling was based was that, despite the statutory remedy at law for a removal of obstructions and the remedy at law by ejectment, equity would, under Code § 37-901, settle the whole controversy to avoid a multiplicity of suits. For similar reasons it was held in *Westbrook* v. *Comer,* 197 *Ga.* 433 (29 S. E. 2d, 574), that equity should grant injunctive relief because it was alleged and admitted that the defendant there had taken possession of a portion of the right-of-way and was using it for a garden and for planting shrubbery. The injunction there complained of restrained the defendants from using the alley "for any purpose other than an alley and from obstructing same, and . . from using the same in any way, manner, or form so as to interfere with the rights of plaintiffs' use of said space as an alley." It is thus plain that, in addition to seeking a removal of the obstructions, the petitioner there sought to prevent the defendant from going upon and using lands embraced in the alley. In *Ozbolt* v. *Miller,* 206 *Ga.* 558 (57 S. E. 2d, 601), the petition, in addition to injunctive relief, sought to recover damages, and it was merely held by this court that the petition was not subject to the general demurrer.

By the foregoing explanation of our decisions we hope to make it clear that the rule in such cases is that equity will in no case grant an injunction for the sole purpose of requiring one to per-

form an act such as the removal of an obstruction in an alley or road in violation of Code § 55-110 and while there are available adequate remedies at law; but, where there are other grounds for equity jurisdiction, such as the avoidance of a multiplicity of suits, equity will exercise jurisdiction and grant full relief even though obedience to the injunction might require the performance of an act such as the removal of an obstruction.

The present petition shows no such grounds for equitable jurisdiction, and the only attempt to do so is by alleging three separate obstructions in the same alley. The removal by statutory procedure of such obstructions may be done in one action and would not require a multiplicity of suits. For the reasons that (1) there is an available remedy at law, and (2) the sole relief sought by the petition was to require the defendant, by injunction, to perform the act of removing the alleged obstructions, the petition failed to state a cause of action, and the court did not err in sustaining the demurrer and dismissing the same.

*Judgment affirmed. All the Justices concur.*