### 23118. NEEL v. CLARK et al.

QUILLIAN, Justice. The plaintiff instituted the present action against natural persons and a corporation in a court of equity to abate as a nuisance and enjoin the maintenance of a fence erected by the defendants across a public alley within an incorporated city. The petition alleged the obstruction of the alley caused inconvenience to the public and special damages to the plaintiff; the damage to the plaintiff was alleged to be

that, on account of the location of the fence in reference to certain lots owned by him, closing of the alley would prevent his access from his property to certain streets of the city and cause him the inconvenience and expense of traveling a longer distance on other streets to reach a certain main thoroughfare leading through the city. According to the petition, the fence was fully constructed and the obstruction of the alley completed in the year previous to the institution of the action. The city was alleged to have less than 20,000 population and to be governed by five commissioners, one of whom was disqualified to act upon an application to abate the fence as a nuisance, and that while the commissioners had requested and received from their attorney advice that they could abate the fence as a nuisance, they had taken no action in the matter and some of the commissioners had stated that they did not care whether the nuisance was abated. Based upon these facts, the petition concluded that the expenses to the plaintiff are incalculable and irreparable; that the closing of the alley is a continuing nuisance for which there is no adequate remedy at law; and that a court of equity should retain jurisdiction of this case and adjudicate the plaintiff's claims in order to avoid a multiplicity of suits at law.

The defendants' general demurrer to the petition was sustained and the plaintiff excepted. *Held:*

1. This case is controlled by the pronouncement in *City of East Point v. Henry Chanin Corp.*, 210 Ga. 628, 634 (81 SE2d 812), which dealt with an equitable suit to abate and enjoin a fence constructed across a public street and existing at the time the suit was instituted. The case held: "This being the relief sought, the case is controlled in principle by *Georgia Pacific R. v. Mayor &c. of Douglasville*, 75 Ga. 828; *Campbell v. Deal*, 185 Ga. 474 (195 SE 432); *Haney v. Sheppard*, 207 Ga. 158 (60 SE2d 453); and *Levinson v. Pendley*, 209 Ga. 335 (72 SE2d 306). In this case, as in those cases, the plaintiff complains only of a completed existing wrongful act, for the redress of which he is afforded an adequate and complete remedy at law; and it is settled, beyond any doubt, that a party who complains only of a completed existing obstruction in a public street, as in this case, must pursue the remedy which the statute affords him."

2. The petition did not show that a majority of the five commissioners of the city were disqualified to act upon any ap-

plication to abate the fence as a nuisance brought under *Code* § 72-401. The allegations that a commissioner was disqualified and that some of the commissioners had expressed themselves as not caring whether the fence was abated, did not show either a disqualification of a majority of the commission or that application to the commission to abate the nuisance would be futile. The "some" of the commissioners referred to as having expressed indifference as to the abatement of the nuisance, for aught that appears from the petition, may have referred to only one or two of the commissioners and, if the expression of indifference disqualified that member, or members, still a remaining majority of the commission were qualified to act in any case brought to that body seeking abatement of the alleged nuisance. However, it is the expression of partiality, not impartiality, that disqualifies the judges or triors who have jurisdiction to try a case. So, we conclude the averment that "it will be a waste of time and effort to try to proceed at law through said City Commission to open said alley" was a conclusion of the pleader, not supported by the facts alleged. The rule is that a conclusion in pleadings is only permissible when authorized by the facts alleged. *Shockley v. Garner*, 211 Ga. 271, 272 (85 SE2d 412).

3. Other cases cited by the plaintiff in support of the contention that a court of equity had jurisdiction of the case are those in which the city was itself a party (*Town of Rentz v. Roach*, 154 Ga. 491 (115 SE 94)); the nuisance was not maintained within the limits of an incorporated town and where the case was properly before the court of equity for other reasons, regardless of jurisdiction to abate a nuisance the court is vested with jurisdiction. *Lowry v. Rosenfeld*, 213 Ga. 578 (100 SE2d 447). In such a case the parties being properly before the court of equity, it will seek to do complete justice between them.

4. The trial judge did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED SEPTEMBER 14, 1965—DECIDED OCTOBER 7, 1965.

*Gainey & Gainey, Jesse J. Gainey*, for plaintiff in error.

*A. J. Whitehurst, McCollum & McCollum, E. P. McCollum*, contra.