BURGESS *et al. v.* GEORGIA, FLORIDA & ALABAMA RAILWAY CO.

GEORGE, J.  The plaintiff, a railway company, is engaged in both intra-state and interstate commerce, and is under contract with the United States government to carry the mails. Its employees are members of labor unions under written contracts executed on behalf of the employees by the local officials of the unions. The original contracts between the plaintiff and its employees dealt with and fixed the rates of pay and working conditions of the employees. The contracts specified no definite term of service, but provided that they should remain in effect "until revised or abrogated, of which intention 30 days written notice will be given." The contracts provided that no employee would be disciplined or discharged by the plaintiff without a fair and impartial trial by proper officers, at which the employee should be present, with the privilege, if he desired, to have another employee present with him.  On May 5, 1917, after the passage of the act of Congress of Sept. 3, 5, 1916, c. 436, known as the Adamson act (39 Stat. 721, 722, U. S. Comp. St. 1916, §§ 8680a-8680d), the plaintiff and its employees, through their several unions, entered into a supplemental agreement fixing the hours of work, schedule of wages, and working conditions of the employees, which agreement was "to continue through the period specified in the Adamson law" (October 1, 1917).  An engineer in the employment of the plaintiff was discharged by it.  A prolonged effort was made by the various unions to have him reinstated.  Certain officials of the national unions with which the local unions were affiliated came to Georgia and entered into and carried on these negotiations. The intervention of the Federal Board of Mediation and Conciliation was sought, and its service was declined by the plaintiff.  Finally, on July 16, 1917, the officers of the national unions, on behalf of the local brotherhoods and the individual employees, demanded of the plaintiff: (1) the reinstatement of the engineer, with pay for lost time from a named date; (2) a revision of all schedules then in force and affecting rates, rules, and working conditions of the employees.  A conference between the parties at interest followed, the result of which was that the plaintiff was given 48 hours in which to comply with the demands made upon it, and upon failure to comply a strike upon plaintiff's road would be enforced.  At this juncture, and before any strike vote had been taken by the men, who, under the rules of the union, had the first right to determine whether a strike would be called, the plaintiff filed its petition for injunction, naming the officers of the national unions, the local unions, and the individual members thereof as defendants. The petition alleged, that the individual defendants were being driven to strike, against their wishes, by the officials of the national unions; that the threatened strike was in violation of the contracts existing between the company and its employees, especially of the supplemental contract of May 5, 1917; that a general strike upon petitioner's road would unlawfully interfere with interstate commerce, and would make it impossible for petitioner to comply with its contract to carry the mails and transport supplies for the government; that the services rendered by the employees were of peculiar merit and character; that

all competent trainmen were organized, and in the event of a strike it would be impossible to obtain others to take their places under the rules of the unions, which forbid the members to fill the places of employees who have gone out on a strike. The defendants were alleged to be insolvent, the threatened injury and damage irreparable, and the common-law remedies inadequate. The petition contained appropriate prayers. On August 2, 1917, the court granted an interlocutory injunction, the effect of which was to restrain the defendants, the officials of the national unions, from inducing and compelling the employees to strike, and to restrain the defendants, the local labor unions and the individual members in the employment of plaintiff, from taking a strike vote, from striking, from reporting to the national unions or other persons that a strike had been called or was in effect upon petitioner's road, and from violating the contracts set out in the petition, until the issues could be "passed upon by a jury; the men, the defendants, have the right to resign or quit the service of the plaintiff, but not by concerted action to violate the injunction." The defendants excepted. *Held:*

1. In so far as the defendants, the officials of the national union, were enjoined from inducing and compelling plaintiff's employees to engage in a strike, the injunction was authorized under the pleadings and evidence.

2. The court did not abuse its discretion in enjoining the defendants, the local unions and the individual employees, from taking a strike vote, striking, reporting that a strike had been called or was in effect upon petitioner's road, and from violating the terms of the service contracts with petitioner, the contracts being for a definite term of service which had not expired at the time the injunction was issued.

*(a)* Inasmuch as the injunction against the local unions and individual employees was not limited to the period covered by the contract (and under any view of the evidence the contract was to continue only through the period fixed in the act of Congress referred to as the Adamson act, which period expired October 1st, 1917), the injunction was too sweeping. The restraint imposed should not have continued beyond the term of service as fixed by the contract.

*(b)* The judgment granting the injunction will be affirmed, with direction to so amend and limit the injunction as to make it conform to what is here ruled.

*Judgment affirmed, with direction. All the Justices concur, except*

ATKINSON, J.; who, being of the opinion that the injunction was properly granted, dissents from so much of the ruling in the second note as limits its application.

No. 561. SEPTEMBER 14, 1918.

Injunction. Before Judge Harrell. Decatur superior court. August 2, 1917.

*Reuben R. Arnold* and *John R. Wilson,* for plaintiffs in error. *T. S. Hawes* and *W. H. Krause,* contra.