## LEVINSON *v.* PENDLEY.

No. 17931. Submitted July 14, 1952—Decided September 2, 1952.

*Henry J. Fullbright Jr.* and *Karl C. Duffey Jr.,* for plaintiff in error.

*Matthews. Maddox & Bell,* contra.

Candler, Justice. Dave Levinson brought his petition against Walter E. ⌐endley, in the Superior Court of Floyd County, alleging, so far as it need be shown here, substantially as follows: The plainti⌐ ⌐nd the defendant each own a described tract of

land. The plaintiff's tract is on the east side of and adjacent to a public alley, and the defendant's tract is on the west side of and adjacent to the same alley. They acquired title to their respective tracts from a remote common grantor, namely, J. L. Bass, who in 1906 subdivided a boundary of land, of which their tracts are each a part. Each link in the defendant's chain of title recites "that said alley is made public." The alley furnishes ingress to and egress from the plaintiff's land, and it has been used for that purpose since 1906. The defendant has taken possession of the alley, plowed it up, cut trees from it, torn down a fence on the west side of it, built a fence along the east side and southern end of it, and has erected an out-building in it. The obstructions completely close and block the alley and deprive the plaintiff of his only means of ingress and egress to and from his land. The damage which the plaintiff has sustained because of the obstructions and which he will continue to suffer from them, if they are maintained, is irreparable, and the plaintiff for that reason does not have an adequate and complete remedy at law. A multiplicity of suits will be avoided if the defendant is restrained and enjoined from maintaining the obstructions. The prayers were for process, that the defendant be temporarily and permanently restrained and enjoined from maintaining the obstructions complained of, and for general relief. The defendant demurred on the grounds that the petition set forth no cause of action, alleged no ground for equitable relief, and showed on its face that the plaintiff had an adequate and complete remedy at law. The demurrers were sustained, and the exception is to that judgment.

The attack made upon the petition was meritorious. The Code, by §§ 83-119, 72-201 and 72-401, makes ample provision for the removal of completed obstructions from private and public ways. In the present case it does not appear why one of the remedies is not adequate and complete; and courts of equity grant relief only when the aggrieved party has no adequate and complete remedy at law. Code, § 37-120. The petition contains three prayers. Besides the one for process and the one for general relief, the remaining one is that "the defendant be temporarily and permanently restrained and enjoined from maintaining the obstructions aforementioned." In the light of

its context, this prayer is for nothing more or less than for the court to order the defendant to remove completed existing obstructions from a public alley; and thus thereby grant a mandatory injunction in violation of Code § 55-110, which declares that an injunction can only restrain; it cannot compel a party to perform an act. This being so, the present case is controlled in principle by *Simmons* v. *Lindsay*, 144 *Ga.* 845 (88 S. E. 199); *Campbell* v. *Deal*, 185 *Ga.* 474 (195 S. E. 432); *Hall* v. *Browning*, 195 *Ga.* 423 (24 S. E. 2d, 392); and *Haney* v. *Sheppard*, 207 *Ga.* 158 (60 S. E. 2d, 453). And the ruling here made is not in conflict with *Dodson* v. *Evans*, 151 *Ga.* 435 (107 S. E. 59); *Barham* v. *Grant*, 185 *Ga.* 601 (196 S. E. 43); *Sullivan* v. *Farlow*, 189 *Ga.* 186 (5 S. E. 2d, 641); and *Thompson* v. *Hutchins*, 207 *Ga.* 226 (60 S. E. 2d, 455). In this case, as in that group of cases first above cited, the plaintiff complains only of a completed existing wrongful act, for the redress of which he is afforded an adequate and complete remedy at law; such being the case, the petition fails to state a cause of action for the equitable relief sought, and it was proper to dismiss it on general demurrer. Accordingly, no error is shown.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., and Almand, J., not participating.*