42132. UNDERCOFLER, Commissioner v. WHITEWAY NEON AD, INC.

FRANKUM, Judge. 1. "Every lessee or rentee of tangible personal property in this State shall be liable for a tax thereon at the rate of three per cent. of the gross lease or rental charge therefor. Said tax shall be paid by the lessee or rentee to his lessor or rentor, and said lessor or rentor, as a dealer under this Chapter, shall remit same to the State Revenue Commissioner, . . . Every lessor or rentor of tangible personal property in this State shall be a dealer as defined in this Chapter and shall be liable for a tax thereon at the rate of three per cent. of his gross lease or rental proceeds therefrom, or the amount of taxes collected by him from his lessee or rentee, as hereinabove provided, whichever is greater: . . ." *Code Ann.* § 92-3402a (c) (Ga. L. 1960, pp. 153, 154). Under this statute, where one who is designated in a written contract as the "owner" of described personal property grants to another designated as "user" the right to possess and use described personal property in consideration for a specified sum of money to be paid monthly, which payments are designated in such contract as rental and, where by the terms of such contract the personalty remains the property of the owner and is to be returned to the owner at the termination

of the period of the "lease" contract, the one designated therein as "the owner" is liable to collect and remit the sales tax imposed thereby on the gross proceeds received under such lease contract.

2. The cardinal rule of construction of contracts is to ascertain the intention of the parties. *Code* § 20-702. In determining such intention the courts must first look to the language of the instrument and, if that language be clear, the courts need look no further in ascertaining such intention. *Malsby v. Young,* 104 Ga. 205, 212 (5) (30 SE 854) ; *Myers v. Philip Carey Co.,* 17 Ga. App. 535 (1) (87 SE 825) ; *National Bank of Monroe v. Wright,* 77 Ga. App. 272, 276 (48 SE2d 306). In the present case the parties to the contract refer to their contract in several places therein as a "lease," and, in the absence of anything appearing to indicate to the contrary, such word will be given its usual and common signification. *Code* § 20-704 (2). Under the circumstances of this case it will be presumed that the parties used this term in the same sense in which it is used in that portion of the Georgia Retailers' and Consumers' Sales and Use Tax Act quoted above. When used with reference to tangible personal property the word "lease" means a contract by which one owning such property grants to another the right to possess, use and enjoy it for a specified period of time in exchange for the periodic payment of a stipulated price, referred to as rent. It is unquestionably in this sense that the term is used in the Georgia Retailers' and Consumers' Sales and Use Tax Act, and it was undoubtedly in this sense that it was used in the contract in question.

3. The foregoing rule is applicable, notwithstanding that the property leased under the contract is an illuminated sign specially built by the owner to the specifications of the user, nor is such rule altered by the fact that a large part of the rental provided for in the contract represents an amount paid for the repair and maintenance of such sign by the owner while in the possession of the user, nor by the fact that the intrinsic worth of the raw materials used in the manufacture of the sign, apart from the skill and artistry of the owner embodied therein, is relatively small. McKendrick v. State Tax Comm., 9 Utah 2d 418 (347 P2d 177).

4. It follows that the trial court erred in denying the Revenue Commissioner's motion for a summary judgment and in

646

granting a summary judgment to the appellant in the trial court, the appellee here.

*Judgment reversed.* *Felton, C. J., and Pannell, J., concur.*

ARGUED JULY 5, 1966—DECIDED SEPTEMBER 28, 1966—
REHEARING DENIED NOVEMBER 21, 1966.

*Arthur K. Bolton, Attorney General, Louis F. McDonald, Assistant Attorney General,* for appellant.

*Troutman, Sams, Schroder & Lockerman, Henry B. Troutman, Jr.,* for appellee.