## 45383. HAWES, Commissioner v. DIMENSION, INC.

ARGUED JUNE 8, 1970—DECIDED JULY 1, 1970—
REHEARING DENIED JULY 16, 1970—

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, Assistant Attorney General, Timothy J. Sweeney, Deputy Assistant Attorney General,* for appellant.

*Gaines C. Granade,* for appellee.

*Alston, Miller & Gaines, Robert L. Dodd, Jr., Francis Shackelford,* amicus curiae.

EVANS, Judge. The stipulation discloses that neither the appellee nor any of his employees is required by law to be an architect or professional engineer in order to carry on this business, but they must have architectural and professional engineering training in order to perform the work in producing the renderings and scale models. The renderings are "pictorial reproduction(s)" and "multi-color graphic representations," drawn to scale "to project a three-dimensional view" of structures. The scale models are reproductions usually of the outside view of a building or structure "constructed to scale, colored to show the intended or actual color of the structure and mounted on a paper board." Architects, real estate developers and advertising agencies use the renderings and models, not in the construction of buildings or landscaping of the surrounding land, but for display, public zoning hearings, promotions, and to sell the architects' services or promote the designs, developments and projects of the purchasers. The material components of the renderings and models represent 3% to 4% of the total price charged, the balance charged being for overhead and

labor. The labor and overhead are not broken down, but other parts of the stipulation would lead one to believe that the customer is paying considerably more for the professional skill than for the materials, labor and overhead involved in the production. It is also apparent that the architect and others could, if the service were not available, produce or would be required to produce the same themselves, and there would be no tax due except the taxes now charged and paid for the component parts.

Clearly, the language "personal service transactions which involve sales as inconsequential elements for which no separate charges are made" fits this case like a glove. The dental laboratory makes false teeth, bridges, and repairs crowns for the dentist, yet the dentist's charge is for services and the labor is incidental. The shoemaker uses leather, dye, thread, soles, heels and nails, etc., in repairing shoes. The hairdresser, barber and masseur use hair spray, tonic, shaving lotion, perfumes and oils in performing their services. The laundry starches, presses and places the laundry in attractive boxes or bags. The lawyer, if he is unable to afford private stenographic help, prepares his briefs, letters, and legal research for his clients by employing an independent secretarial service. Similarly, the orthopedic doctor may have the hospital or brace-maker prepare braces, artificial limbs, etc., for fitting. Practically all of these involve control by the professional, just as the case sub judice. Clearly, under the law, the finished product is a personal service transaction which involves a sale as an "inconsequential element" for which no separate charge is made. See *Craig-Tourial Leather Co. v. Reynolds,* 87 Ga. App. 360 (73 SE2d 749); *Superior Type, Inc. v. Williams,* 98 Ga. App. 89, 93 (105 SE2d 14). Compare *Undercofler v. Whiteway Neon Ad, Inc.,* 114 Ga. App. 644 (152 SE2d 616). In the *Superior Type* case above, we find at page 93 the following language quoted from an Illinois case: "We can perceive no logical difference between the paper upon which a photostatic copy of something is made or a blueprint produced, and that paper which a lawyer uses for writing a will or deed, a doctor for writing a prescription, or an abstractor for showing a chain of title. The paper is a mere incident; the skilled service is that which is required."

While the case sub judice is more than mere paper, yet the

skilled service makes up the greater part of the charges made. The court did not err in holding the assessment to be erroneous.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*