## 32030. TURNER COMMUNICATIONS CORPORATION v. CHILIVIS.

NICHOLS, Chief Justice.

This case is here on a grant of writ of certiorari to the Court of Appeals which reversed the lower court by finding that video-taped programs which are leased by television stations for use in television programming are subject to sales tax under the Georgia Retailer's and Consumer's Sales and Use Tax Act. Popular television shows were encoded upon the video tapes and broadcast over the appellant's television station. The lease of these tapes was only for limited use, and the rentals varied according to the particular program. The leases varied greatly in the restrictions on use of the tapes and in the terms employed to describe the relative interests of the parties.

1. The initial question to be decided in this case, and the hardest with which to deal, is whether the lease of video tapes to television stations for limited use in television programming is too intangible a property interest to be subject to the Georgia Retailer's and Consumer's Sales and Use Tax Act.

Inherent in all physical property are some intangible interests. We cannot conceive of a situation where it may be said that certain property possesses solely tangible aspects. Moreover, there may often be present more than one intangible property interest in the same entity. It is no easy job to delineate these various property interests and ascertain which particular interest predominates over another. In the case sub judice, we can readily distinguish

at least three separate property interests: the tangible magnetic tape itself, the limited copyright license, and the program which has been encoded upon the magnetic tape. The latter property interest is definitely distinct and separate from the copyright interest. Copyright can be infringed by the "copying" of copyrighted performances. The programs which have been encoded upon the tapes are not the copyright interest; they are separate interests in themselves, even though valueless for practical purposes without the accompanying copyright license.

The question before us is one of first impression in this jurisdiction. We have examined at length the various authorities dealing with this question and cited by both parties. The majority of the jurisdictions which have dealt with this question have held video tapes, as well as motion picture film, to be tangible property.

In Mt. Mansfield Television, Inc. v. Vermont Comm. of Taxes, 133 Vt. 284 (226 A2d 284) (1975), the question presented was identical to the one presented here. Further, the Vermont sales and use tax act defined "tangible property" verbatim with the Georgia Act (i.e., personal property which may be seen, weighed, measured, felt, touched or in any manner perceived by the senses). The decision recognized the split of authority in foreign jurisdictions. One line of cases supports the proposition that film or video tape "is the subject of the transaction and that a license to exhibit or broadcast without the tangible finished product itself would be valueness." Id. at 286. The other group of decisions find merit in the theory that transactions of this type involve intangible reproduction rights only. The court found more appealing the former view, citing more recent decisions.

In accord, Boswell v. Paramount Television Sales, Inc., 291 Ala. 490 (282 S2d 892) (1973); American Television Co., Inc. v. Hervey, 253 Ark. 1010, 1014 (490 SW2d 796) (1973) ("the right to use property cannot be separated from the property itself and the 'right' spoken of by appellant would have no value except for the use of the tape or film—the two cannot be separated."); Florida Assn. of Broadcasters v. Kirk, 264 S2d 437, 438 (Fla. Ct. App. 1972) ("Every purchase or rental of property is the acquisition of the right to use that property for its

intended purposes. Likewise, practically every piece of property subject to rent or sale is a product of someone's original idea and the rental thereof is for the purpose of using it."); Saenger Realty Corp. v. Grosjean, 194 La. 470 (193 S 710) (1940) (interpreting a statutory definition of "tangible property" which is identical to the definition in Georgia's Sales and Use Tax and finding that "[t]he license to exhibit without transfer of possession would be valueless," therefore the rental of film is one transaction under the Act); and Crescent Amusement Co. v. Carson, 187 Tenn. 112, 116, 117 (213 SW2d 27) (1948) (interpreting the Tennessee statute, which served as a model for Georgia's Act, and finding that "[t]here is scarcely to be found any article susceptible to sale or rent that is not the result of an idea, genius, skill and labor applied to a physical substance" and that "[t]o measure sales tax only by the value of the physical material in the phonograph record is to apply an impossible formula.").

The majority cases are the better reasoned decisions. Accordingly, we adopt that view and hold that video tape, like its motion picture film counterpart, is tangible property within the meaning of the Georgia Sales and Use Tax Act. Video tape can be "seen" and is "perceptible to the senses" and thereby satisfies the definition of tangible property as set out in Code Ann. § 92-3403a (m).

The Georgia cases cited by appellant in support of his position concern mostly situations where sales of services are distinguished from sales of property. *Superior Type, Inc. v. Williams,* 98 Ga. App. 89 (105 SE2d 14) (1958); *Craig-Tourial Leather Co. v. Reynolds,* 87 Ga. App. 360 (73 SE2d 749) (1952). While these cases are apt analogies to the situation at bar, they fail to persuade this court that a result different from the one reached is demanded. Under the test they set out to determine the relative amounts of tangible and intangible property interests ("the purpose of the consumer"), the video tapes are still tangible property.

2. Code Ann. § 92-3402a exempts the rental of "motion picture film" from the Georgia Retailer's and Consumer's Sales and Use Tax Act. It is uncontradicted that video tape is merely an advanced state of the art of motion picture film; it performs exactly the same function

for the petitioner. Therefore, the rental of the "video tape" is entitled the same exemption as has been granted on the rental of motion picture film.

3. The remaining contentions of the taxpayer need not be considered.

*Judgment reversed. Jordan, Ingram, Hall and Hill, JJ., and Judge Paul W. (Johnny) Painter concur. Undercofler, P. J., disqualified.*

ARGUED MARCH 22, 1977 — DECIDED APRIL 20, 1977 — REHEARING DENIED MAY 12, 1977.

*Troutman, Sanders, Lockerman & Ashmore, J. Kirk Quillian, Tench C. Coxe, Ralph H. Greil,* for appellant.

*Arthur K. Bolton, Attorney General, David A. Runnion, Assistant Attorney General,* for appellee.

*Huie, Ware, Sterne, Brown & Ide, Tom Watson Brown, Steven B. Kite, King & Spalding, Charles L. Gowen, A. Felton Jenkins, Jr., Robert G. Woodward, Lanny B. Bridgers, Jones, Cork, Miller & Benton, Wallace Miller, Jr., W. Warren Plowden, Jr., Sanders, Hester, Holley, Askin & Dye, J. Carlisle Overstreet, Heyman & Sizemore, Ronald Montalto, Terry P. McKenna, Neal H. Ray, Adams, Adams, Brennan & Gardner, Jay D. Gardner, Julian R. Friedman,* amici curiae.

