## 34080. REGISTER MOBILE ADVERTISING, INC. v. STRICKLAND.

MARSHALL, Justice.

The appellant owns mobile advertising signs, which he leases to customers for the purpose of advertising their businesses. The signs are placed either on the premises of the customers' businesses or at other locations throughout the area which the appellant owns or to which he has access. The appellant advises his customers concerning the arrangement of the letters on the signs. The appellant is entirely responsible for the physical placement of the signs, as well as their repair and maintenance. However, the ultimate decision as to how the letters are arranged and where the signs are to be placed rests with the customer.

The State Revenue Commissioner determined that these transactions are rentals of tangible personal property subject to a sales and use tax assessment under Code Ann. § 92-3403a G (Ga. L. 1951, pp. 360, 363, as amended). The taxpayer, appellant herein, appealed the assessment to the superior court under the provisions of Code Ann. § 92-8446 (Ga. L. 1937-38, Extra. Sess., pp. 77, 100; 1943, pp. 204, 206, 208). The superior court granted the commissioner's motion for summary judgment, and the taxpayer now appeals to this court.

1. First, the appellant argues that his leases of advertising signs are personal service transactions which involve sale as an inconsequential element for which no separate charge is made, and which would, therefore, be exempt from sales and use taxation under Code Ann. § 92-3403a C (2) (a). As authority for this argument, the appellant cites *Hawes v. Dimension, Inc.,* 122 Ga. App. 190 (176 SE2d 602) (1970). In that case, the taxpayer was engaged in the business of taking ideas and concepts from architectural clients and transforming these ideas into drawings and visualizations by making miniature models of them. The Court of Appeals held that the taxpayer was engaged in a personal service transaction involving sale of the drawings and visualizations as an inconsequential element, and that the transactions were, therefore, exempt from sales and use taxation under Code Ann. §

92-3403a C (2) (a), supra.

The revenue commissioner argues that the transactions in which the taxpayer is engaged are leases of tangible personal property, taxable under Code Ann. § 92-3403 a G, supra. As authority for this argument, the commissioner cites *Undercofler v. Whiteway Neon Ad., Inc.,* 114 Ga. App. 644 (152 SE2d 616) (1966). In that case, the Court of Appeals held that the lease of an advertising sign, built to the specifications of the lessee, was subject to sales and use taxation under Code Ann. § 92-3403a G, supra.

We agree with the revenue commissioner that under the authority of *Undercofler v. Whiteway Neon Ad., Inc.,* supra, the leases of advertising signs by the appellant are taxable leases of tangible personal property, subjecting the appellant to sales and use tax liability under Code Ann. § 92-3403a G, supra. Cf. *Turner Communications Corp. v. Chilivis,* 239 Ga. 91 (236 SE2d 251) (1977).

2. Secondly, the appellant argues that his leases of advertising signs are not subject to sales and use taxation under Revenue Regulation 560-12-2-.82 (2), which provides that, "An agreement which requires an outdoor advertising company to display an advertiser's message only and grants to the advertiser neither right to possess nor the use of the personalty upon which the advertising message is displayed is considered a service which is not taxable as a lease of tangible personal property." The revenue commissioner argues that the appellant's leases of the advertising signs are controlled by Revenue Regulation 560-12-2-.82 (4), which provides that, "An agreement which grants to a party advertiser the rights to possess, control or use described personalty at a stated location is considered a lease and the gross lease or rental charge is taxable."

The revenue commissioner argues that under the leasing arrangements, as testified to by the appellant, the customer does have the right to "possess, control or use" the signs. We agree. Even though the appellant is responsible for the physical placement, maintenance, and repair of the signs, the ultimate decision as to where the signs are to be placed and for what length of time the signs are to remain at that location is in the customer. Thus,

when the signs are placed on the customer's property, the customer has the right to possess, control, and use the signs; when the signs are placed on property of the appellant, the customer still retains, at the least, the right of control.

We hold that the trial court did not err in granting the revenue commissioner's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 10, 1978 — DECIDED NOVEMBER 22, 1978.

*Hulbert, Daniel & Lawson, Tom W. Daniel,* for appellant.

*Arthur K. Bolton, Attorney General, Kathryn Allen,* for appellee.