## 37876. STRICKLAND v. SPERRY RAND CORPORATION.

CLARKE, Justice.

The issue in this sales and use tax assessment case is whether the terms "gross lease or rental charge" and "gross lease or rental proceeds" as set forth in Code Ann. § 92-3402a (c) include separately stated charges in a lease agreement for monthly maintenance. The trial court concluded that the maintenance charges in question were not taxable as part of the gross lease charge. We granted the commissioner's application to appeal and now affirm that judgment.

Sperry Rand Corporation (hereinafter "Sperry") is in the business of developing, manufacturing, selling, leasing and renting electronic data processing and business equipment. The lease and rental transactions are the subject of the present dispute which covers the taxable years 1974 through 1977. Sperry provides maintenance service on the equipment it sells and leases as well as providing maintenance service on other equipment. The record discloses that only in very rare cases does Sperry enter into a lease or rental agreement without also including a maintenance contract as a part of the complete transaction. During the period in question here, Sperry collected and remitted sales tax on its lease and rental charges but did not collect sales tax on maintenance charges. The Commissioner determined that the maintenance charge was included in the "gross lease or rental charge" as defined in § 92-3402a and concluded that Sperry owed sales tax on the maintenance charge under the authority of *Undercofler v. Whiteway Neon Ad, Inc.,* 114 Ga. App. 644 (152 SE2d 616) (1966); *Grantham Transfer Co. v. Hawes,* 225 Ga. 436 (169 SE2d 290) (1966); and *Register Mobile Advertising, Inc. v. Strickland,* 242 Ga. 604 (250 SE2d 468) (1978).

---

In *Undercofler v. Whiteway Neon Ad,* supra, the court was construing a contract between the owner of tangible personal property and the user of the property to determine if the transaction was taxable under § 92-3402a (C). The court found that the contract was denominated a "lease" and that the periodic payments were referred to as rent. Thus, the court concluded that the payments were in fact gross lease or rental proceeds subjecting the payments to sales tax notwithstanding the fact that the taxpayer contended that part of the rental was actually to cover maintenance costs. There was no indication, however, that those maintenance costs were billed separately.

The issue in *Grantham Transfer Co. v. Hawes,* supra, was whether contracts between Grantham and certain common carriers were leases and therefore taxable under Chapter 92-34A, and did not address the question of whether or not certain maintenance charges were taxable. Grantham supplied trucks and, in some instances, the services of drivers, in return for a percentage of the revenues of the carriers. In holding the entire transaction to be a lease of tangible personal property the court stated: "One might well wish to rent a motor vehicle with a competent driver at a much higher price than the vehicle alone, or one with an air conditioner rather than one without; or one could well prefer to rent a vehicle with a guarantee of mechanical help rather than one without this. . . . [W]hile trying to rent a vehicle, extras may be added, and the rental costs increase, but this does not in the remotest degree alter the fact of rental." *Grantham,* supra at 442. The Commissioner argues that this language clearly indicates that gross rental charges must include the cost of the maintenance contract. We cannot agree because the only holding in the case is that the contracts, charging an overall percentage for use of the trucks with no separate charge for services, are leases of tangible property subject to sales taxes under Code Ann. § 92-3402a.

There has been no case in this state on the issue of whether or not separately stated maintenance charges which are included in a lease transaction on tangible personal property are taxable as part of the gross lease or rental proceeds. In this case our decision that they are not is based on several factual findings below. The price of maintenance varies with each piece of equipment sold or leased. The maintenance price is constant whether the transaction is a sale or a lease. Sperry produced evidence, and the trial court found, that the cost of maintenance was based upon cost analysis of repair and preventive maintenance of each particular piece of equipment. The cost is set by the engineering division rather than the sales division. Sperry reserves the right to adjust the maintenance charge after the initial year of the lease based upon the repair history of the

equipment during that year.

Under our sales and use tax laws, leases of tangible personal property are to be treated the same as sales. Code Ann. § 92-3403a (B). *Grantham Transfer Co.,* supra. Excluded from the definition of sales are separately stated charges of repairmen, Code Ann. § 92-3403a (C) (2). Further, Code Ann. § 92-3448a provides that a contractor who charges rental on machinery and contracts to perform any service in furnishing that machinery which is not under his exclusive control "shall be liable to collect a sales tax on the rental value of the machine so used, and if labor and other charges are not separated from the rental charge, the person so contracting shall be liable to collect the sales tax on the entire contract price."

Sperry's maintenance charges are separately stated, are based upon maintenance costs, and may be changed after the initial year independently of the rental or lease charge. We hold the trial court was correct under the facts of this case to hold those charges are not within the meaning of "gross lease or rental proceeds" as set forth in § 92-3403a and therefore Sperry was not liable for sales tax on its maintenance charges.

The Commissioner has directed this court to cases from other jurisdictions which he contends hold that separately stated maintenance charges are taxable as included in the gross price of the transaction. However, we find these cases to be inapplicable since they are based on statutes whose definitions differ from our own laws.

*Judgment affirmed. All the Justices concur, except Marshall, J. disqualified and Weltner, J. not participating.*

DECIDED NOVEMBER 24, 1981.

*Michael J. Bowers, Attorney General, David A. Runnion, Assistant Attorney General,* for appellant.

*Sutherland, Asbill & Brennan, Michael D. Jones, Charles T. Lester, Jr.,* for appellee.