SPERRY CORPORATION v. MARK G. LYNCH, SECRETARY OF REVENUE OF THE STATE OF NORTH CAROLINA

No. 8410SC892

(Filed 6 August 1985)

**Taxation § 15— mandatory maintenance charge in lease—derived from rentals of machines—taxable**

Payments received by plaintiff for maintaining leased machines and equipment were derived from a lease or rental of tangible personal property and were taxable under G.S. 105-164.4 where the maintenance payments were made because the leases required them; that the charges for using the different articles and maintaining them were stated separately on the various invoices or bills was immaterial.

APPEAL by plaintiff from *Brewer, Judge*. Judgment entered 10 April 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 16 April 1985.

Sperry Corporation, which designs, manufactures, leases and sells computers and other business machines and equipment, brought this action to recover $268,925.15 in sales taxes, penalties, and interest that it paid the Revenue Department under pro-

test in 1982. The only phase of plaintiff's business that is involved in this action is its leasing of machines and equipment to various North Carolina lessees during the audit period 1 October 1975 through 31 August 1978. In each of the many leases in question Sperry agreed to furnish the equipment and to maintain it during the lease period and for each item leased the different lessees agreed to pay both a "monthly equipment charge" and a "base monthly maintenance charge." If the lessees had not agreed for Sperry to maintain the machines and equipment and to pay Sperry's charges therefor Sperry would not have leased the machines and equipment to them. No lessee was given the option of doing its own maintenance or contracting therefor with a third party. Sperry billed its various lessees monthly and on each bill or invoice the rental and maintenance charges were stated separately. The taxes that plaintiff sues to recover were levied on the total amount that Sperry's various North Carolina lessees paid it for maintaining the leased articles during the audit period involved. After discovery was completed summary judgment was entered upon defendant's motion and plaintiff's action was dismissed.

*Hunton & Williams, by Edgar M. Roach, Jr. and David Dreifus, for plaintiff appellant.*

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for defendant appellee.*

PHILLIPS, Judge.

The taxation statute that governs this appeal, G.S. 105-164.4, in pertinent part reads as follows:

> There is hereby levied and imposed, in addition to all other taxes of every kind now imposed by law, a privilege or license tax upon every person who engages in the business of . . . renting or furnishing tangible personal property . . . in this State, the same to be collected and the amount to be determined by the application of the following rates against gross . . . rentals, to wit:
>
>  . . . .
>
> (2) At the rate of three percent (3%) of the *gross proceeds derived from the lease or rental of tangible per-*

*sonal property as defined herein,* . . . (Emphasis supplied.)

The solitary question before us is whether the payments plaintiff received for maintaining the machines and equipment leased to its various lessees were "derived from the lease or rental of tangible personal property" within the contemplation of the above statute. We believe that they were and that the tax applied to them as a matter of course. The maintenance payments Sperry received were made because its leases required the lessees to make them; if the payments had not been made the lease agreements would have been broken and probably would have been cancelled. That the charges for using the different articles and maintaining them were stated separately on the various invoices or bills is immaterial; the obligation to pay both charges was established by the leases. In maintaining the leased articles Sperry did only what the lease and rental agreements required it to do and the lessees received only what the different leases entitled them to. Under the circumstances it seems plain to us that the maintenance payments plaintiff received from its many lessees were part of the gross proceeds *derived* from the renting of machines and equipment, and we affirm the judgment of the trial court.

Plaintiff's reliance upon a ruling to the contrary that it obtained from the Georgia courts in *Strickland v. Sperry Rand Corporation,* 248 Ga. 535, 285 S.E. 2d 1 (1981) is misplaced. The Georgia statute is less inclusive than ours. § 92-3402a(c) (1974) and § 92-3403a (1979 Supp.) of the Georgia Code taxes "the gross lease or rental *charge,*" or "gross lease or rental proceeds." (Emphasis supplied.) Whereas G.S. 105-164.4 taxes all "proceeds *derived* from the lease or rental" of personal property. (Emphasis supplied.) The wider scope of our Act is self-evident, we think, and the trial judge simply applied it as the legislature wrote it.

Affirmed.

Judges ARNOLD and COZORT concur.