## S09A0567. EXPEDIA, INC. v. CITY OF COLUMBUS.
(681 SE2d 122)

BENHAM, Justice.

Expedia, Inc. is an online travel company (OTC) which books hotel rooms and makes other travel arrangements for customers who access its services over the internet. Expedia's main business model, known as the "merchant model," is to contract with hotels for the right to broker or facilitate the reservation of hotel rooms at a discount or "wholesale rate." Expedia then advertises and offers the rooms for sale to the public on its website. When a customer purchases a hotel room reservation from Expedia, Expedia charges the customer an amount that is greater than the wholesale rate. This "marked-up" amount is the "room rate." Although Expedia states that the room rate is a combination of the wholesale rate and its facilitation fee, it does not disclose to the public which portion of the "room rate" is for its facilitation fee. Expedia also does not disclose to the hotel the amount of the room rate charged to Expedia's customers.[1]

Expedia provides in its contracts with hotels that it "shall collect

---

[1] In most of its contracts with hotels, however, there is "rate parity" language which prohibits Expedia from charging a room rate that is less than the rate the hotel would charge the consumer directly for occupancy of the room.

all applicable taxes from its customers." Thus, at the time a reservation is made, Expedia notifies the customer that it is collecting a certain amount of money for "taxes and service fees." Expedia does not disclose to the customer which portion of the "taxes and service fees" is for "taxes" or which portion is for "service fees." At the end of the transaction, the customer pays Expedia directly in a total amount that equals the "room rate" plus "taxes and service fees."

Upon checking into the hotel, the customer does not pay the hotel any money for the room or any fees or taxes, but only provides a credit card for incidentals. After the customer has completed his hotel stay, the hotel is required to send Expedia an invoice for the wholesale rate and the occupancy taxes based on the wholesale rate. Upon receipt of the invoice, Expedia remits the payment to the hotel which pays the taxes to the municipal tax authority. Under Expedia's merchant model method of conducting business, the hotel occupancy tax amount is calculated based on the wholesale rate Expedia negotiates with hotels. Expedia retains whatever it has collected over the amount of the remittance to the hotel. If the hotel fails to submit an invoice to Expedia in the time period designated by contract, then Expedia retains all monies collected from the customer, including any money purportedly collected for taxes.

In Georgia, municipalities may levy taxes related to hotel stays and use the funds to promote tourism pursuant to OCGA § 48-13-50 et seq. (the "Enabling Statute"). Specifically, the Enabling Statute provides for municipalities to impose an excise tax "at the applicable rate on the lodging charges actually collected." OCGA § 48-13-51 (a) (1) (B) (i). Per the Enabling Statute, the City of Columbus has promulgated the "Hotel-Motel Occupancy Excise Tax" Ordinance. Columbus Code § 19-110 et seq. At § 19-111 of the ordinance, the City imposes

> an excise tax in the amount of seven percent of the charge to the public upon the furnishing for value of any room or rooms or lodging or accommodations furnished by any person licensed by or required to pay business or occupation taxes to Columbus for operating a hotel within the meaning of this article.

Per the Enabling Statute, these taxes are imposed upon and collected from the hotel guest. OCGA § 48-13-51 (a) (1) (B) (ii) ("Any tax levied . . . in this Code section is also imposed upon every entity who is a hotel or motel guest and who receives a room. . . ."). "The person or entity collecting the tax from the hotel or motel guest shall remit the tax to the governing authority imposing the tax . . . ." OCGA §

48-13-51 (a) (1) (B) (ii). The taxes must be remitted to the City by the twentieth day of the month following the month in which the occupancy occurred. OCGA § 48-13-53.2 (a); Columbus Code § 19-115.

On May 30, 2006, the City filed a complaint seeking declaratory judgment, injunctive relief, and "other equitable remedies" against Expedia. On October 5, 2007, the City moved for declaratory and injunctive relief, alleging that under Expedia's merchant model, hotel occupancy or excise taxes were to be based on the room rate or "charge to the public," rather than the negotiated wholesale rate. On September 22, 2008, the trial court, upon holding a hearing and considering evidence, found that: (1) as a matter of fact, Expedia contracts with hotels to collect the customer's hotel tax payment on behalf of the hotel; (2) Expedia is not prohibited by the Enabling Statute or the City's ordinance from contracting to collect, on the hotel's behalf, the customer's hotel tax payment; (3) as a matter of law, "charge to the public" (Columbus Code § 19-111) and "lodging charges actually collected," (OCGA § 48-13-51 (a) (1) (B) (i)) include the room rate that Expedia charges to its customers and not the negotiated wholesale rate; (4) any service or facilitation fees that are "separately disclosed" to Expedia's customers are not taxable; (5) Expedia's state and federal constitutional defenses (equal protection, Commerce Clause, and uniformity clause) are not viable; (6) the City has no adequate remedy at law; and (7) the City would suffer irreparable harm in terms of lost opportunities for soliciting and promoting tourism if injunctive relief were not granted. The trial court declined to rule whether Expedia was "an innkeeper or operator, or whether Expedia sells hotel rooms . . ." for purposes of the Enabling Statute and the City's ordinance. In keeping with its factual and legal conclusions, the trial court then issued the following permanent injunction:

> Henceforth, for hotel rooms booked for occupancy in Columbus, Georgia, using its merchant model, Defendant Expedia **IS ENJOINED** to collect the hotel occupancy tax based on the total amount it discloses to the consumer as the Room rate, room charge or other comparable term. The taxes so collected shall be remitted to Plaintiff Columbus either directly by Expedia or through the hotels as currently is done, on or before the twentieth day of the month following each monthly period. With respect to such bookings, Expedia shall separately disclose to the consumer both the Room rate and all hotel occupancy taxes such that the consumer will have the information contemplated by law that serves as a credit against the tax imposed. That information shall be made to the consumer either on-line at

the time of the booking or at the hotel upon occupation of the room, or both. Further, Defendant Expedia shall maintain information as to the number of hotel rooms booked through Expedia and eventually occupied in Columbus, the charge to the public (the Room rate) for each such room, and the hotel occupancy taxes collected and remitted, and Expedia shall provide that information to Plaintiff Columbus either through the hotels as it currently does or by reporting such information directly to Columbus, in a timely fashion. This Court retains jurisdiction over this matter for purposes of enforcing, modifying or vacating **INJUNCTION** upon proper application.

Expedia seeks review because it contends the trial court lacked subject-matter jurisdiction due to the failure of the City to exhaust its administrative remedies; erred as a matter of law in its construction of the statute as to what and who was to be taxed; erred in failing to find the City's enforcement of its ordinance violated the Equal Protection and the Commerce Clauses of the United States Constitution, and the Uniformity Clause of the Georgia Constitution; and erred when it failed to determine that the City had an adequate remedy at law thereby making an injunction an improper form of relief.[2] For the reasons set forth below, we affirm with direction.

1. Expedia argues that the trial court lacked subject-matter jurisdiction because the City failed, prior to commencing suit, to pursue the administrative procedures set forth in § 19-117 of the City's ordinance, requiring a written notice to Expedia of the estimated tax believed to be due. In July 2007, the City complied with § 19-117 when, prior to any substantive ruling in the case, it sent Expedia a "Notice of Assessment and Collection to Expedia.com" indicating that Expedia owed the City approximately $26,000 in tax revenue. Expedia rejected the assessment and advised that it was not subject to the City's ordinance or the Enabling Statute.[3] Since neither

---

[2] The appeal was transferred to this Court by the Court of Appeals based on its determination that the trial court considered and ruled on a constitutional question. The record reveals, however, that the trial court's consideration did not require a ruling on the constitutionality of a statute, nor did it require construction of the state or federal constitutions such that it would fall within this Court's constitutional question jurisdiction. See *Zepp v. Mayor & Council of the City of Athens*, 255 Ga. 449 (339 SE2d 576) (1986). Instead, we have jurisdiction over this appeal because a substantive issue on appeal is the propriety of equitable relief. See *Electronic Data Systems Corp. v. Heinemann*, 268 Ga. 755 (493 SE2d 132) (1997).

[3] Expedia has held fast to this stance. Specifically, the trial court found that in similar suits across the country, Expedia has asserted and alleged that it is not subject to local hotel occupancy taxing statutes and/or authorities. In addition, Expedia has made sworn statements to the United States Security and Exchange Commission that it is not subject to any municipal

the City's ordinance nor the Enabling Statute provide any other process or procedure to review the written assessment, the City has completed its administrative process.

2. Expedia alleges the trial court erred when it found as a matter of law that Expedia is required to collect hotel occupancy taxes. Expedia misconstrues the trial court's ruling. The trial court concluded that, as a *matter of fact*, Expedia contracted with City hotels and bargained for the right to receive the customer's tax payment on the hotel's behalf whenever the customer reserved a hotel room on Expedia's website. Compare *City of Rome v. Hotels.com, LP*, 2006 U. S. Dist. LEXIS 56369 at *16 (II) (B) (N.D. Ga. May 8, 2006) (district court determined defendant OTCs were "entities actually collecting . . . taxes" from hotel guests that, pursuant to OCGA § 48-13-51 (a) (1) (B), must be remitted to the taxing authority). The trial court then found that there was nothing in the Enabling Statute or City ordinance which prohibited Expedia from contracting with City hotels to collect the customer's tax on the hotel's behalf. See, e.g., *Ready Trucking, Inc. v. BP Exploration & Oil Co.*, 248 Ga. App. 701, 705 (2), n. 2 (548 SE2d 420) (2001) ("one is free to enter into an agreement to reimburse another for a tax obligation, as long as the State ultimately receives the proper amount of tax. [Cit.]"). Our review of the record confirms that Expedia does in fact collect monies earmarked for the payment of the customer's hotel taxes, not by virtue of any statute or enforcement thereof, but by virtue of Expedia's private agreements with City hotels. Accordingly, the argument that the trial court erroneously construed the Enabling Statute and the City's ordinance to require Expedia to collect hotel occupancy taxes is without merit.

3. Expedia argues that it is not subject, in any manner, to the tax payment obligations set forth in the Enabling Act or the City's ordinance. The Enabling Statute provides "[t]he person or entity collecting the tax from the hotel or motel guest shall remit the tax to the governing authority imposing the tax. . . ." OCGA § 48-13-51 (a) (1) (B) (ii). Having contracted with City hotels to collect hotel occupancy taxes, Expedia has rendered itself duty-bound to remit the taxes it has collected to the City's taxing authority. *Ready Trucking, Inc. v. BP Exploration & Oil Co.*, supra at 705, n. 2; *City of Rome v. Hotels.com, L.P.*, supra at *16 (since OTC was actually collecting taxes, it was required to remit them to taxing authority). See also *Alon USA, LP v. State*, 222 SW3d 19, 28 (Tex. App. 2005) (since state is the beneficiary of the tax, any intermediary persons purporting to collect taxes are obligated to hold such funds in trust for the state

---

taxing authority and that it is not obligated to collect, pay, or remit hotel occupancy or similar excise taxes.

and may become liable to the state for payment); *Leon County v. Hotels.com, LP*, 2006 WL 3519102 at \*2 (S.D. Fla. 2006) ("ordinance requires the person who receives payment for . . . rental of accommodations to charge, collect and remit the tax"); *City of Findlay v. Hotels.com, L.P.*, 441 FSupp.2d 855, 861 (II) (A) (2) (N.D. Oh. 2006) ("even when a taxing statute fixes no liability, the collector is responsible for its payment to the [responsible] authority so long as the collection *purports* to be a collection of a tax"). Whether Expedia is a hotel, motel, or innkeeper is inapposite for the purpose of remitting taxes it has actually collected pursuant to OCGA § 48-13-51 (a) (1) (B) (ii). Because the Enabling Statute unequivocally requires the remission of taxes by the "entity" that purports to collect them, Expedia is required to remit tax payments belonging to the City.

4. Expedia alleges the trial court erred when it construed the statutory terms "lodging charges actually collected" (OCGA § 48-13-51 (a) (1) (B) (i)) and "charge to the public" (Columbus Code § 19-111) as akin to the room rate that Expedia charges to its customers, rather than the wholesale rate it negotiates with hotels. A statute must be construed "to give sensible and intelligent effect to all of [its] provisions and to refrain from any interpretation which renders any part of the statute meaningless." (Citation and punctuation omitted.) *R. D. Brown Contractors v. Bd. of Ed. of Columbia County*, 280 Ga. 210, 212 (626 SE2d 471) (2006). Words found in statutes are to be given their plain and ordinary meaning (*Blue Moon Cycle v. Jenkins*, 281 Ga. 863, 864 (642 SE2d 637) (2007)); and statutes that are in pari materia to each other must be construed together. *Snyder v. State*, 283 Ga. 211, 214 (657 SE2d 834) (2008). The interpretation of statutes and ordinances is a question of law, which we review de novo on appeal. *Joe Ray Bonding Co. v. State of Ga.*, 284 Ga. App. 687, 688 (644 SE2d 501) (2007); *Monticello, Ltd. v. City of Atlanta*, 231 Ga. App. 382, 383 (1) (499 SE2d 157) (1998).

(a) Here, the Enabling Statute provides for an excise tax "at the applicable rate on the lodging charges actually collected." OCGA § 48-13-51 (a) (1) (B) (i). The City ordinance charges a 7% excise tax based on the "charge to the public" for a hotel room. Columbus Code § 19-111. The Merriam-Webster Online Dictionary[4] defines "charge" as "the price demanded for something." A plain reading of the Enabling Statute and the City's ordinance confirms the applicable tax rate is applied to the price Expedia demands from the consumer for the right to occupy the hotel room and not the price Expedia

---

[4] http://www.merriam-webster.com/dictionary/charge

agrees to pay the hotel for the room. *City of Goodlettsville, TN v. Priceline.com, Inc.*, 605 FSupp.2d 982, 998 (M.D. Tenn. 2009) (taxed amount is money that "transient" or hotel guest is charged, even if that rate includes expenses).[5] See also *City of Fairview Heights v. Orbitz, Inc.*, 2006 U. S. Dist. LEXIS 47085 at *19-20 (S.D. Ill. July 12, 2006) ("rent charged" was amount hotel room occupant paid to the OTC and not the negotiated wholesale rate). The statute and ordinance do not contemplate taxing the transaction between Expedia, or any other intermediary such as a traditional travel agent, and the hotel. The facts also show that Expedia is not the end-consumer, is not a member of the public at large, and is not the occupant of the hotel room. Therefore, the wholesale rate which Expedia, a non-occupant, pays for the room cannot be the rate on which the tax is based. *City of Goodlettsville, TN,* supra at 998. See also *Undercofler v. Whiteway Neon Ad, Inc.*, 114 Ga. App. 644 (1) (152 SE2d 616) (1966) (tax was on the gross rental amount in lease contract).

(b) Expedia further contends that its undisclosed facilitation fee, which it alleges is part of the room rate, is not taxable. We disagree. Due to a lack of evidence regarding the amount of the facilitation fee, no one can discern which portion of the room rate is allegedly for Expedia's facilitation fee. Since Expedia has chosen to represent the room rate to the public as the price a customer must pay to secure his right to occupy the room, the City has no choice, under a clear and unambiguous reading of its ordinance, but to tax the customer for the published room rate demanded by Expedia. Expedia's disclaimer to the customer that the room rate is a combination of cost and fees is insufficient to inform the taxpayer of his true tax liability. Therefore, the trial court did not err when it held that the taxable amount, including any undisclosed fee, was the room rate which Expedia demands from the customer for the right of occupancy.

5. Expedia contends that the City's imposition of taxes on Expedia violates the Equal Protection Clause, the Commerce Clause, and the Uniformity Clause. This assertion misses the mark of the trial court's underlying holdings. It is undisputed that the tax at issue is imposed on the person who occupies the hotel room. See *Teachers' Retirement System &c. v. City of Atlanta*, 249 Ga. 196 (6) (288 SE2d 200) (1982) (intent of Atlanta ordinance is to collect the tax from the person who occupies the room). The City has not imposed and does not purport to impose any tax on Expedia.

---

[5] "The Goodlettsville City Code provides that a hotel occupancy tax is levied 'upon the privilege of occupancy in any hotel of each transient in an amount equal to three percent (3%) of the **consideration charged** by the operator.' Goodlettsville City Code § 5-502." (Emphasis supplied.) *City of Goodlettsville, TN*, 605 FSupp.2d at 985.

Expedia, of its own accord, has contracted with hotels to collect taxes belonging to the City and, having done so, it has rendered itself accountable to the City's tax authorities for remission of taxes it has actually collected. Thus, *Quill Corp. v. North Dakota*, 504 U. S. 298 (112 SC 1904, 119 LE2d 91) (1992) is distinguishable because, in that case, the state was seeking to force the out-of-state retailer, which had never collected the state's taxes, to collect and remit state use taxes as a matter of law. In the case sub judice, but for the fact that Expedia has willingly inserted itself as a matter of contract into the local taxation scheme designed for hotels and their guests, there would be no dispute. Accordingly, the trial court did not err when it rejected Expedia's constitutional claims.

6. Because Expedia alleges the City is entitled to damages in the form of back taxes, it contends that the City has an adequate remedy at law and is therefore not entitled to injunctive relief. While this might normally be the case in a tax dispute between the City and a hotelier that failed to remit taxes collected, this is not the circumstance before us. Because Expedia has not been adjudicated an innkeeper, the tax enforcement provisions of the Enabling Statute, in particular OCGA §§ 48-13-58, 48-13-58.1, and 48-13-59, would not be effective in making the City whole as they do not contemplate or provide for an enforcement action against a third-party tax collector such as Expedia. Any enforcement action against the hotels which have contracted with Expedia would likely prove futile because the facts show the hotels do not know the room rates Expedia charges to the customers and are barred by contract from having access to such information. Therefore, under the circumstances of this case, the City does not in fact have an adequate remedy at law. Accordingly, it is entitled to an equitable remedy fashioned by the trial court.

When fashioning injunctive relief, however, the trial court is obligated to adopt the least oppressive means of affording relief. See *State Farm Mut. Auto. Ins. Co. v. Mabry*, 274 Ga. 498 (5) (556 SE2d 114) (2001). While the City is entitled to relief, we find the instant injunction to be overreaching insofar as it *requires* Expedia to collect and remit taxes in the future. As borne out by the facts of the case, Expedia, by virtue of its contracts with City hotels, elects of its own accord to collect hotel occupancy taxes. It may change its business practices at any time and any injunction should reflect this fact. Accordingly, the trial court is directed to modify the injunction in a manner consistent with this opinion. See *Jenkins v. Jenkins Irrigation, Inc.*, 244 Ga. 95 (5) (259 SE2d 47) (1979) (directing trial court to limit scope of injunctive relief); *Burgess v. Ga., Fla. & Ala. Ry. Co.*, 148 Ga. 415 (96 SE 864) (1918) (directing trial court to amend injunction to conform with ruling).

*Judgment affirmed with direction. All the Justices concur, except Hunstein, P. J., Hines and Melton, JJ., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

I respectfully dissent to the majority's opinion. As the majority acknowledges, neither it nor the trial court has found Expedia to be an innkeeper or operator under the City's "Hotel-Motel Occupancy Excise Tax" ordinance. Accordingly, when Expedia sells to persons who ultimately occupy motel or hotel rooms in the City, Expedia does so not as an innkeeper but as a private party who, under the plain language of the ordinance, is not subject to the ordinance's terms. As an entity other than an innkeeper, Expedia is thus indistinguishable, as far as the City's ordinance is concerned, from the persons who ultimately use the rooms. Until Expedia is legally determined to be an innkeeper or operator under the City's ordinance, there is no legal basis to treat the rooms Expedia obtains at a lower cost by contract from the City's hotels any different from a room obtained by a tourist who presents herself at a hotel and personally negotiates a lower rate. The tax calculation is based on the rental of the room by the innkeeper. What Expedia or the tourist chooses to do with the room after completing the transaction with the innkeeper is a matter not covered by the ordinance. Hence, in terms of the ordinance itself, it does not matter that Expedia resells what it purchased from the innkeeper; Expedia is not different from the tourist who, after renting a room, hands the key over to a traveller in the parking lot in exchange for reimbursement and a fee. The City's ordinance simply does not govern transactions between a non-innkeeper entity like Expedia and the users of the rooms, who occupy the rooms but do not pay the hotel and instead pay Expedia.

Nor is there any legal significance under the City's ordinance to the fact that the contract between Expedia and the hotels makes the hotels the parties responsible for arranging the payment from Expedia's clients. The tax due under the ordinance is imposed on the transaction between innkeeper and room purchaser, not on any transaction between the room purchaser and third parties, even if the hotel (pursuant to contract) thereafter facilitates the transaction with the third parties. While the City may be authorized to amend its ordinance to encompass transactions such as the ones at issue here, those transactions clearly do not come within the ambit of the ordinances as currently formulated.

Accordingly, because I would recognize that Expedia is paying tax based upon the properly calculated sum due under the ordinance, i.e., the amount Expedia is charged for the rooms it obtains from the hotels, and that this amount is then properly remitted by the hotels to the City, I would reverse the trial court's ruling on the issue.

MELTON, Justice, dissenting.

Under the declaratory judgment act, OCGA § 9-4-2, the City of Columbus has an adequate remedy at law to proceed against Expedia, Inc. for any back taxes owed in this case. Because this remedy remains available, the trial court erred by imposing a permanent injunction against Expedia. For this reason, I must respectfully dissent.

As a general rule, "equitable relief is improper if the complainant has a remedy at law which is 'adequate,' i.e., 'as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.' " (Citation omitted.) *Sherrer v. Hale*, 248 Ga. 793, 797-798 (2) (285 SE2d 714) (1982). The grant of an injunction is such a form of equitable relief. On the other hand, a petition for declaratory judgment is an action at law. *VATACS Group, Inc. v. HomeSide Lending, Inc.*, 281 Ga. 50 (635 SE2d 758) (2006).

In this case, although the City requested both a declaratory judgment and injunctive relief, the City proceeded on and the trial court only ruled on the request for permanent injunctive relief. It is a matter of record, therefore, that the trial court granted equitable relief despite the fact that a motion for a declaratory judgment, an adequate remedy at law, was pending at the same time. By long-standing principles, the grant of equitable relief in this situation was improper. See, e.g., *Levinson v. Pendley*, 209 Ga. 335 (72 SE2d 306) (1952).

I am authorized to state that Presiding Justice Hunstein and Justice Hines join in this dissent.

DECIDED JUNE 15, 2009 —
RECONSIDERATION DENIED JUNE 30, 2009.

*Buchanan & Land, Jerry A. Buchanan, Benjamin A. Land, Jones Day, Edward K. Smith, Robin A. Schmahl*, for appellant.

*Pope, McGlamry, Kilpatrick & Morrison, Neal K. Pope, Charles N. Pope, Michael L. McGlamry, Paul Kilpatrick, Jr., William U. Norwood III, Wade H. Tomlinson III, Bryan, Cave, Powell & Goldstein, Robert M. Travis, John R. Bielema, Jr.*, for appellee.