S09A0906. HOTELS.COM, L.P. v. CITY OF COLUMBUS.
(686 SE2d 91)

THOMPSON, Justice.

The facts and arguments in this appeal are virtually identical to those in *Expedia, Inc. v. City of Columbus*, 285 Ga. 684 (681 SE2d 122) (2009). Like its sister company, Expedia, Hotels.com, L.P., is an online travel company which books hotel rooms and makes other travel arrangements for customers who access its services over the internet. Hotels.com's main business model, known as the "merchant model," is to contract with hotels for the right to broker or facilitate the reservation of hotel rooms at a discount or "wholesale rate." Hotels.com then advertises and offers the rooms for sale to the public on its website. When a customer purchases a hotel room from Hotels.com, Hotels.com charges the customer an amount greater than the wholesale rate. This marked-up amount is the "room rate."

Using contracts substantially the same as those used by Expedia, Hotels.com provides in its contracts with hotels that it "shall collect all applicable taxes from its customers." Thus, like Expedia, at the time a reservation is made, Hotels.com notifies the customer that it is collecting money for "taxes and fees" but it does not disclose to the customer how much of the payment is for taxes and how much is for fees. After the customer completes his stay, the hotel sends Hotels.com an invoice for the wholesale rate and the occupancy tax based on the wholesale rate. Hotels.com then remits the payment to the hotel which pays the tax to the municipal tax authority. Because the occupancy tax amount is calculated based on the wholesale rate

and not the room rate, Hotels.com retains whatever monies it has collected over the amount of the remittance to the hotel.

In June 2006, the City of Columbus filed a complaint against Hotels.com seeking injunctive relief and a declaratory judgment to require Hotels.com to remit occupancy or excise taxes related to hotel stays. See OCGA § 48-13-50 et seq. (municipalities may impose excise tax "at the applicable rate on the lodging charges actually collected"); Columbus Code § 19-110 et seq. (Hotel-Motel Occupancy Excise Tax imposing tax of seven percent of the charge to the public upon the furnishing for value of any room or lodging). The complaint alleged Hotels.com had a duty to remit to Columbus occupancy or excise taxes based on the room rate or "charge to the public" rather than the negotiated wholesale rate. Thereafter, Columbus sent a notice of assessment and collection to Hotels.com, which Hotels.com rejected. Hotels.com filed a motion for summary judgment for failure to exhaust administrative remedies and Columbus moved for injunctive relief. Because Expedia and Hotels.com are under common ownership and share the same business model, the parties agreed that evidence adduced in the similar lawsuit filed by Columbus against Expedia would be admissible in this matter. After reviewing the evidence, the trial court issued a permanent injunction against Hotels.com and ordered it to account for, collect and remit occupancy taxes based on the retail room rate in its merchant model transactions. Hotels.com appealed.

This appeal, involving the same ordinance and enabling statute, the same business model, the same contract language, and a similar order granting injunctive relief, is controlled by our decision in *Expedia*. For the reasons stated in that opinion, we affirm the order granting injunctive relief to Columbus. As in *Expedia*, however, we find the injunctive relief fashioned by the trial court to be

> overreaching insofar as it *requires* [Hotels.com] to collect and remit taxes in the future. As borne out by the facts of the case, [Hotels.com], by virtue of its contracts with [c]ity hotels, elects of its own accord to collect hotel occupancy taxes. It may change its business practices at any time and any injunction should reflect this fact.

Id. at 691 (6) Accordingly, the trial court is directed to modify the injunction in a manner consistent with our opinion in *Expedia*. See *Jenkins v. Jenkins Irrigation*, 244 Ga. 95 (5) (259 SE2d 47) (1979) (directing trial court to limit scope of injunctive relief); *Burgess v. Ga., Fla. & Ala. R. Co.*, 148 Ga. 415 (96 SE 864) (1918) (directing trial court to amend injunction to conform with ruling).

*Judgment affirmed with direction. All the Justices concur, except Melton, J., who dissents.*

NAHMIAS, Justice, concurring.

I was not a member of this Court when *Expedia, Inc. v. City of Columbus*, 285 Ga. 684 (681 SE2d 122) (2009), was decided earlier this year. Had I been on the Court then, I likely would have joined Justice Melton's dissent, which concluded that the trial court erred in imposing a permanent injunction against Expedia because the City has an adequate remedy at law. See id. at 693. However, stare decisis considerations are particularly strong in this case, and indeed approach res judicata, where the appellants are sister companies, the appellee is the same, and the facts considered and rulings issued by the trial court are almost identical. The majority opinion in *Expedia* is not so clearly incorrect or damaging to the law as to justify my not following it under these circumstances. Accordingly, I join the Court's opinion. I write separately to make clear that I may not support any extension of the reasoning of *Expedia* in future cases involving less similar circumstances.

MELTON, Justice, dissenting.

Given the similarity between this case and *Expedia, Inc. v. City of Columbus*, 285 Ga. 684 (681 SE2d 122) (2009), I must respectfully dissent in the current case for the same reason that I dissented in *Expedia*. The trial court's grant of equitable relief was improper because an adequate remedy at law, declaratory judgment, was available to the City of Columbus. See, e.g., *Levinson v. Pendley*, 209 Ga. 335 (72 SE2d 306) (1952).

DECIDED OCTOBER 5, 2009 —
RECONSIDERATION DENIED NOVEMBER 9, 2009.

*Buchanan & Land, Jerry A. Buchanan, Jones Day, Edward K. Smith, Robin A. Schmahl*, for appellant.
*Pope, McGlamry, Kilpatrick & Morrison, Neal K. Pope, Charles N. Pope, Michael L. McGlamry, Paul Kilpatrick, Jr., William U. Norwood III, Wade H. Tomlinson III, Bryan, Cave, Powell & Goldstein, Robert M. Travis, John R. Bielema, Jr., Michael P. Carey*, for appellee.